OFFICE OF DISCIPLINARY COUNSEL *v.* BROWN.

[Cite as *Disciplinary Counsel v. Brown,*
99 Ohio St.3d 114, 2003-Ohio-2568.]

(No. 2002–1380—Submitted January 21, 2003—Decided May 28, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Bruce A. Brown, a.k.a. Bruce Andrew Brown, was admitted to the practice of law in New York in 1985. He was disbarred in New York. *Matter of Brown* (1992), 181 A.D.2d 314, 586 N.Y.S.2d 607. Respondent has never been admitted to the practice of law in Ohio. In 1992, the Board of Commissioners on the Unauthorized Practice of Law ("board") found that respondent had engaged in conduct in Ohio constituting the unauthorized practice of law. *Disciplinary Counsel v. Brown* (1992), 61 Ohio Misc.2d 792, 584 N.E.2d 1391.

{¶ 2} Thereafter, a jury convicted respondent of 44 felonies based on this course of conduct, and he was sentenced to a term of imprisonment of 20 years. *State v. Brown* (1995), 108 Ohio App.3d 489, 671 N.E.2d 280, appeal not allowed (1996), 75 Ohio St.3d 1484, 664 N.E.2d 536. In June 1998, respondent's sentence was modified. He was then placed under community-control sanctions and was ordered to secure employment.

{¶ 3} On November 20, 2000, relator, Disciplinary Counsel, filed an amended complaint with the board, charging respondent with having engaged in the unauthorized practice of law. Respondent answered the amended complaint, and a hearing was scheduled before the board on June 20, 2001. Respondent sought a continuance of that hearing, which the board denied, in part because it had previously continued a hearing at respondent's request. Respondent did not attend the hearing.

{¶ 4} The allegations of unauthorized practice against respondent stem from four cases. In regard to the first case, a law firm employing respondent undertook representation of a plaintiff before the common pleas court. Respon-

dent actively participated in two depositions by entering objections on the record and engaging in legal arguments on plaintiff's behalf. In addition, respondent participated as the sole representative of the plaintiff during a pretrial conference in the judge's chambers. At other times throughout this action, respondent engaged in substantive discussions with opposing counsel regarding discovery, legal issues, and points of law.

{¶ 5} In relation to the second matter, respondent engaged in the unauthorized practice of law in 1999 by falsely representing on several occasions that he was an attorney and that he represented a party to an action filed in the common pleas court. Respondent was listed on a deposition transcript as "Bruce Brown, Esq., * * * For Third Party Plaintiffs," and during the depositions, respondent asked questions of the witness on the record. When opposing counsel confronted respondent about his status as a disbarred attorney, respondent denied that he had been disbarred.

{¶ 6} In relation to the third case, respondent presented himself as a licensed attorney, sought a continuance on behalf of defendants in a civil action before the common pleas court, and attempted to engage opposing counsel in settlement negotiations. Throughout this matter, respondent corresponded with his "clients" on the letterhead of the "Law Offices of B. Andrew Brown & Associates" and "B. Andrew Brown, Esq." In this correspondence, respondent discussed legal issues, provided legal counsel, formulated trial strategy, and requested payment from defendants of outstanding fees. Further, respondent sent an invoice to defendants for $2,100. Respondent also signed two receipts: one for a $500 retainer for respondent's "professional services"; and the other for $3,000 paid to respondent for preparation of an expert report.

{¶ 7} In regard to the fourth matter, respondent fraudulently represented himself as a licensed attorney, told the mother of a "client" that he would provide legal assistance to her incarcerated son, and accepted $6,000 to secure his release. Respondent then drafted a representation agreement without acknowledging that he was not admitted to practice law in Ohio. Moreover, respondent never provided any assistance in the matter.

{¶ 8} Based on the evidence, the board concluded that respondent had engaged in the unauthorized practice of law. The board found that respondent had never been admitted to practice law in Ohio under Gov.Bar R. I, that he had never been registered under Gov.Bar R. VI or certified under Gov.Bar R. II, IX, or XI, and that he had "made statements, held himself out as an attorney at law, and made oral and written representations indicating that he was licensed to practice law in the state of Ohio."

{¶ 9}  The board recommended that we find that respondent engaged in the unauthorized practice of law, that we enjoin such future conduct, and that we order reimbursement of costs and expenses incurred by the board and by relator.

{¶ 10}  We agree with the board's findings and recommendation.  Rendering legal services for another in Ohio although not admitted to practice in Ohio is the unauthorized practice of law.  Gov.Bar R. VII(2)(A).  We have long held that the practice of law is not limited to appearances in court but also includes the preparation of pleadings incident to actions and the management of such actions and proceedings on behalf of clients before judges and courts, and, in general, all advice to clients and all action taken for them in matters connected with the law.  *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 193 N.E. 650.

{¶ 11}  As stated, respondent convinced several people, including several attorneys, that he was admitted to the practice of law in Ohio. Respondent actively participated in depositions and pretrial conferences, provided legal advice and counsel to clients, and directly communicated with opposing counsel on issues of discovery, legal strategy, and settlement.   Respondent wrongfully held himself out as an attorney licensed to practice law in this state, induced several unsuspecting people into hiring him as legal counsel, and purported to negotiate legal claims on their behalf.   Such activity by a person not admitted to practice law in Ohio constitutes the unauthorized practice of law.   *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 695 N.E.2d 244.   See, also, *Cincinnati Bar Assn. v. Cromwell* (1998), 82 Ohio St.3d 255, 695 N.E.2d 243.   Moreover, we reject respondent's claim that his activities were done in his capacity as a paralegal. *Cleveland Bar Assn. v. Moore* (2000), 87 Ohio St.3d 583, 722 N.E.2d 514.

{¶ 12}  Accordingly, we adopt the findings and recommendation of the board. Respondent is hereby enjoined from engaging in the unauthorized practice of law in the future.[1]  All expenses and costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, ABELE, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PETER B. ABELE, J., of the Fourth Appellate District, sitting for COOK, J.

---

1.   Concerned that respondent will return to the unauthorized practice of law, relator also seeks an order precluding respondent from using "J.D." or "Esq." in connection with his name and prohibiting respondent from working in any capacity in a law office or for a licensed attorney absent a license to practice law and registration in accordance with the Supreme Court Rules for the Government of the Bar. We decline to issue such an order but note that respondent risks contempt for continuing to engage in the unauthorized practice of law.

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Bruce A. Brown, pro se.

