DISCIPLINARY COUNSEL *v.* ALEXICOLE, INC., ĔT AL.

[Cite as *Disciplinary Counsel v. Alexicole, Inc.,*
105 Ohio St.3d 52, 2004-Ohio-6901.]

(No. 2004–1585—Submitted November 16, 2004—Decided December 22, 2004.)

———————

**Per Curiam.**

{¶ 1} On August 2, 2002, relator, Disciplinary Counsel, charged that respondents, Bandali Dahdah and Alexicole, Inc., had together engaged in the unauthorized practice of law by representing Ohioans in securities-arbitration proceedings. The parties thereafter submitted stipulations of fact and a waiver of notice and hearing pursuant to Gov.Bar R. VII(7)(C). After striking respondents' answer because it was not prepared and filed by a licensed attorney, however, the Board of Commissioners on the Unauthorized Practice of Law considered the cause on relator's motion for default. See Gov.Bar R. VII(7)(B). The board granted the motion for default and, after accepting the parties' separate motions to supplement the record, made findings of fact, conclusions of law, and a recommendation.

{¶ 2} Based on the parties' stipulations and relator's evidence in support of default, the board found that Alexicole is a Delaware corporation that Dahdah owns and controls. On October 31, 2000, Dahdah filed a Foreign Corporation Certificate for Alexicole in Massachusetts indicating that Alexicole engages in "securities arbitration." Dahdah is not and has never been an attorney admitted to practice law, granted active status, or certified to practice law in the state of Ohio pursuant to Gov.Bar R. I, II, VI, IX, or XI.

{¶ 3} Although Dahdah has not held himself out as a licensed Ohio attorney, he has, in conjunction with Alexicole, represented claimants in securities arbitration cases. One client, an Ohio resident whom Dahdah represented in an arbitration claim against McDonald Investments, Inc. before the National Association of Securities Dealers, complained to relator. In response to the client's allegations, Dahdah admitted that he regularly prepares statements of claims, conducts discovery, participates in prehearing conferences, negotiates settlements, and

participates in mediation and arbitration hearings, all on behalf of Alexicole clients.

{¶ 4} The board found that respondents had thereby engaged in the unauthorized practice of law in Ohio and recommended that we issue an order enjoining respondents in the future as follows:

{¶ 5} "1. Respondents will not represent Ohio residents in securities arbitration matters and/or activities, including but not limited to, providing legal advice as to securities and/or securities arbitration claims, engaging in preparing statements of claims, preparing discovery, participating in pre-hearing conferences, participating in settlement negotiations, and attending mediation and/or arbitration hearings with or on behalf of claimants.

{¶ 6} "2. Unless Respondent Dahdah becomes an attorney at law licensed and in good standing to practice law in the state of Ohio, Respondent Dahdah will not provide legal advice to any person in Ohio, including but not limited to, advice regarding the filing of a claim for a securities violation, advice regarding a person's right as a claimant or defendant in a securities arbitration, lawsuit, or other legal or quasi-legal proceeding, including any terms and conditions of a settlement of any dispute.

{¶ 7} "3. Unless Respondent Dahdah becomes an attorney at law licensed and in good standing to practice law in the state of Ohio, Respondent Dahdah will not represent the interests or legal position of Alexicole, Inc. or any corporation before any legal or quasi-legal body, or in any legal action, settlement, or dispute in the state of Ohio."

{¶ 8} We concur in the board's findings and recommendation. Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court exclusive jurisdiction over all matters related to the practice of law. The unauthorized practice of law consists of rendering legal services, including representation on another's behalf during discovery, settlement negotiations, and pretrial conferences to resolve claims of legal liability, by any person not admitted to practice in Ohio. Gov.Bar R. VII(2)(A) and see, e.g., *Ohio State Bar Assn. v. Kolodner,* 103 Ohio St.3d 504, 2004-Ohio-5581, 817 N.E.2d 25 (negotiating to settle another's debt-collection case is the practice of law), and *Disciplinary Counsel v. Brown,* 99 Ohio St.3d 114, 2003-Ohio-2568, 789 N.E.2d 210 (participating in pretrial conferences and depositions on another's behalf is the practice of law). Moreover, a corporation cannot lawfully engage in the practice of law, and it cannot lawfully engage in the practice of law through its officers who are not licensed to practice law. *Cincinnati Bar Assn. v. Clapp & Affiliates Fin. Servs., Inc.,* 94 Ohio St.3d 509, 2002-Ohio-1485, 764 N.E.2d 1003.

{¶ 9} Respondents engaged in all the cited activities and thereby engaged in the unlicensed practice of law. Respondents are therefore enjoined from any further conduct that constitutes the unauthorized practice of law, as follows:

{¶ 10} 1. Respondents will not represent Ohio residents in securities arbitration matters and/or activities, including but not limited to providing legal advice as to securities and/or securities-arbitration claims, preparing statements of claims, preparing discovery, participating in prehearing conferences, participating in settlement negotiations, and attending mediation and/or arbitration hearings with or on behalf of claimants.

{¶ 11} 2. Unless Bandali Dahdah becomes an attorney at law licensed and in good standing to practice law in the state of Ohio, Dahdah will not provide legal advice to any person in Ohio, including but not limited to advice regarding the filing of a claim for a securities violation and advice regarding a person's right as a claimant or defendant in securities arbitration, a lawsuit, or other legal or quasi-legal proceeding, including any terms and conditions of a settlement of any dispute.

{¶ 12} 3. Unless Dahdah becomes an attorney at law licensed and in good standing to practice law in the state of Ohio, Dahdah will not represent the interests or legal position of Alexicole, Inc., or any corporation before any legal or quasi-legal body, or in any legal action, settlement, or dispute in the state of Ohio.

{¶ 13} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs but would also impose a $500 fine.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.