OPINION
{¶ 1} Appellant, Bruce A. Brown, appeals the judgment of the Portage County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.
 {¶ 2} This consolidated appeal arises from two separate trial court proceedings: On January 29, 2002, the Portage County Grand Jury returned an indictment charging appellant with one count of forgery, a felony of the fifth degree, and one count of falsification, a misdemeanor of the first degree; both counts were charged violations under R.C. 2913.31. (See trial court case No. 2002 CR 00028). On October 5, 2002, the Portage County Grand Jury returned a second indictment charging appellant with three additional counts of forgery, two fourth degree felonies and one fifth degree felony respectively, in violation of R.C. 2913.31(A)(3). (See trial court case No. 2002 CR 00371). The cases were consolidated and Attorney Timothy Hart was appointed to represent appellant in both cases.
 {¶ 3} On June 13, 2003, appellant pleaded guilty to two of the five counts; viz., the felony five forgery charge included in case No. 2002 CR 00028 and the felony four forgery charge included in Case No. 2002 CR 00371. The trial court entered a nolle prosequi to the remaining charges in each case. The trial court accepted appellant's guilty pleas and referred appellant to the Adult Probation Department for a presentence investigation ("PSI").
 {¶ 4} Appellant was present when the trial court ordered the PSI; however, between June 13, 2003 and December 3, 2003, appellant failed to report to the Probation Department as ordered by the trial court. Appellant also failed to appear at his December 1, 2003 sentencing hearing. As a result of his failure to appear, the court issued a capias warrant for appellant's arrest. On December 29, 2003, the Portage County Sheriff's Department arrested appellant and held him in custody until January 5, 2004, the date the court conducted appellant's sentencing hearing. On January 7, 2004, the court filed its judgment entry sentencing appellant to concurrent terms of one year for the fourth degree felony and six months for the fifth degree felony.
 {¶ 5} On January 29, 2004, appellant moved the trial court to withdraw his guilty pleas pursuant to Crim.R. 32.1. After reviewing the file and the transcript of the plea hearing, the trial court denied appellant's motion.
 {¶ 6} Appellant now appeals and assigns the following errors for our review:
 {¶ 7} "[1.] Whether appellant was denied effective assistance of trial counsel in violation of Article I, Section 16, Section 5(B) of the Constitution of the State of Ohio and the Sixth and Fourteenth Amendments of the Constitution of the United States.
 {¶ 8} "[2.] Whether the sentencing court abused its discretion in denying appellant's Criminal Rule 32.1 motion without conducting an evidentiary hearing."
 {¶ 9} As appellant's assigned errors generally allege his guilty pleas were not knowingly and voluntarily entered, certain facts concerning appellant's background are of some relevance to this appeal: Appellant is a former attorney admitted to practice law in the state of New York in 1985. Appellant was eventually disbarred in New York. In the Matter ofBrown (1992), 586 N.Y.S.2d 607. Appellant was never admitted to practice law in Ohio. See Disciplinary Counsel v. Brown (1992), 61 Ohio Misc.2d 792; see also, Disciplinary Counsel v. Brown (2003), 99 Ohio St.3d 114.
 {¶ 10} In his first assignment of error, appellant maintains his trial counsel was ineffective for his failure to: investigate, explore possible defenses, assess the merits of the case, and to present mitigating evidence. In support, appellant alleges, prior to his June 9, 2003 change of plea hearing, his trial attorney only met with him once and the meeting did not involve any substantive discussion of his possible trial defenses, potential witnesses, and/or available exculpatory evidence. In sum, appellant maintains that his trial counsel's representation was defective because he had virtually no contact with counsel and counsel failed to prepare for a foreseeably possible trial prior to the June 9, 2003 hearing.
 {¶ 11} In State v. Bradley (1989), 42 Ohio St.3d 136, the Supreme Court of Ohio held:
 {¶ 12} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below and objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 {¶ 13} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraphs two and three of the syllabus.
 {¶ 14} A reasonable probability is that quantum of proof sufficient to undermine confidence in the outcome. Strickland v. Washington (1984),466 U.S. 668, 694.
 {¶ 15} We bear in mind that counsel's professional decisions enjoy a high measure of deference; as a result, trial counsel is entitled to a presumption that his or her challenged acts or omissions involve a sound trial strategy. See, e.g., Strickland, supra, at 689.
 {¶ 16} With respect to the "deficiency" prong of the foregoing test, appellant asserts, his trial counsel's purported omissions "clearly" indicate deficient performance. Appellant's assertions are uncorroborated by the record and therefore lack an independent base. Although appellant levels allegations of grotesque neglect, he fails to offer any evidence, with the exception of his own unsupported conclusions, to justify his contentions. Thus, without more, appellant fails to meet the first element of an ineffectiveness claim.
 {¶ 17} Assuming appellant could meet the first prong of the ineffectiveness test, his contentions are still insufficient to meet the "prejudice" prong of the analysis. Specifically, appellant avers he was essentially compelled to plead guilty on June 9, 2003 as the court scheduled a tentative trial for June 10, 2003 and his trial counsel was significantly unprepared and thus unable to provide an adequate defense. Appellant maintains, had his attorney been prepared to try the case, he would not have pleaded guilty. In appellant's view, his attorney's failure to prepare in light of a looming trial left him with a Hobson's choice: either plead or go to trial with an attorney unable to adequately defend him. Appellant therefore contends his plea was involuntary and he therefore suffered prejudice. We disagree.
 {¶ 18} The record indicates that appellant was willing to plead guilty during his June 9, 2003 hearing. The following exchange took place in open court:
 {¶ 19} "[Appellant's counsel]: Judge, my client's desire as I understand it would be to resolve a question of restitution even before he enters a plea. He believes that can be accomplished on this coming Friday. I don't know when the Court would otherwise set this case for trial, but I would think it might be productive if it fits with the Court's schedule to set it this coming Tuesday, a week from tomorrow, but I don't know the Court's schedule.
 {¶ 20} "Court: Well if my case doesn't go tomorrow, I will set it for tomorrow. I mean, if your client is wanting to enter a plea, what's the difference whether you make the restitution now, or Friday, or a week later?
 {¶ 21} "[Appellant]: It was my understanding from my conversation with [defense counsel] that the Prosecutor's position was, make the restitution, then we'll talk."
 {¶ 22} The tenor of appellant's remark and the context of the dialogue suggests he would be willing to accept the prosecution's plea offer; however, to the extent the offer was predicated upon payment of restitution, he could not plead until Friday, i.e. the day on which the restitution could be "accomplished." In response, the prosecutor indicated restitution was not a condition of the plea offer but, if paid, would bear on the state's sentencing recommendation;[1] after learning this, appellant conferred with his attorney and immediately entered a plea of guilty.
 {¶ 23} A review of the change of plea hearing demonstrates appellant was not "strong-armed" into pleading guilty. Rather, once the prosecutor made it clear the plea offer was not necessarily tied to the issue of restitution, appellant personally moved the court for leave to speak with his attorney. After a brief discussion off the record, appellant pleaded guilty and the court commenced its plea colloquy. Appellant's actions were self-motivated and unaccompanied by duress or other illicit external exhortations.
 {¶ 24} Furthermore, although the court stated it would attempt to schedule the trial for the following day, the date was not categorically set: In effect, the court's scheduling suggestion was predicated upon an undisclosed case not being tried and appellant's desire to plead. Nothing in the court's statement indicates it was not amenable to rescheduling the case for a later date if moved to do so.
 {¶ 25} In any event, we have previously held the mere fact that appellant would not have entered the guilty plea but for counsel's ineffectiveness is not enough to establish the necessary connection between the ineffective assistance and the plea. State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93-G-1826, 1995 Ohio App. LEXIS 5572, at 11. Rather, the ineffectiveness will only affect the validity of a guilty plea when it prevented the defendant from entering the plea knowingly and voluntarily. See, e.g. State v. Haynes (Mar. 3, 1995), 11th Dist. No. 93-T-4911, 1995 Ohio App. LEXIS 780, at 4-5. The record shows no such evidence. In fact, the record indicates the opposite: After he decided to accept the state's offer, the court engaged appellant accordingly:
 {¶ 26} "Court: All right. Mr. Brown, do you understand these two charges?
 {¶ 27} "[Appellant]: Yes, I do, Your Honor.
 {¶ 28} "Court: One charge in each case.
 {¶ 29} "[Appellant]: Yes, I do, Your Honor.
 {¶ 30} "Court: Forgery, a felony of the fifth degree, and the other case is forgery a felony of the fourth degree. Do you understand that?
 {¶ 31} "[Appellant]: Yes.
 {¶ 32} "Court: As a fifth degree felony, you could be imprisoned up to a year; and a fourth degree up to 18 months. Do you understand?
 {¶ 33} "[Appellant]: Yes, I do, Your Honor.
 {¶ 34} "Court: Do you understand the process? We're going to have a presentence investigation and later a sentencing hearing.
 {¶ 35} "[Appellant]: Yes that's my understanding.
 {¶ 36} "Court: Do you understand at the hearing the Court has the option, we could put you in prison. Do you understand that?
 {¶ 37} "[Appellant]: I do.
 {¶ 38} "Court: Do you understand that if you are released from prison you may be subject to post-release control, and if you violate terms of that post-release control the Court could increase your prison up to 50 percent of the original sentence. Do you understand that?
 {¶ 39} "[Appellant]: Yes, Your Honor.
 {¶ 40} "Court: Do you understand also that the Court could make these two sentences run consecutive rather than concurrent? Do you understand that?
 {¶ 41} "[Appellant]: Yes.
 {¶ 42} "Court: Do you understand in each case you are giving up your right to have a trial, and that means you give up the right to confront, cross examine, and subpoena witnesses. Do you understand that?
 {¶ 43} "[Appellant]: Yes.
 {¶ 44} "Court: You relieve the state of the burden of proving your guilty beyond a reasonable doubt at a trial where you could not be compelled to testify.
 {¶ 45} "[Appellant]: Yes.
 {¶ 46} "Court: Do you understand that you are giving up rights to appeal which you may have had, had you gone to trial?
 {¶ 47} "[Appellant]: Yes, Your Honor.
 {¶ 48} "Court: Have you been made any promises that I have not been told about?
 {¶ 49} "[Appellant]: No, Your Honor.
 {¶ 50} "Court: Are you guilty of these two charges?
 {¶ 51} "Yes, Your Honor."
 {¶ 52} It is clear from the foregoing that appellant was advised of the charges, the potential penalties, and his rights in relation thereto. The record demonstrates that this information was adequately explained such that appellant's plea was voluntary and intelligent.[2]
As there is no evidence that appellant's plea was entered involuntarily and appellant offers no evidence that he was truly compelled to plead; accordingly, appellant did not suffer prejudice of the sort contemplated by Strickland. Appellant's first assignment of error is overruled.
 {¶ 53} Under his second assignment of error, appellant contends the trial court erred when it denied his motion to withdraw his plea without a hearing. On January 5, 2004, the trial court conducted appellant's sentencing hearing during which it announced appellant's sentence from the bench. On January 7, 2004, the court filed its judgment entry on sentence. On January 29, 2004, appellant filed his motion to withdraw his guilty plea.
 {¶ 54} Crim.R. 32.1 permits a defendant to file a motion to withdraw his or her guilty plea prior to sentencing. A party making a postsentence motion to withdraw a guilty plea must demonstrate that the withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1; State v.Pearson, 11th Dist. Nos. 2002-G-2413 2002-G-2414, 2003-Ohio-6962, at ¶ 7. Although a trial court must hold a hearing to determine there is a reasonable basis for the withdrawal of a pre-sentence guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced a party. State v.Hudach, 11th Dist. No. 2003-T-0110, 2004-Ohio-6949, at ¶ 28. In arriving at its decision, a trial court has the discretion to determine the credibility and weight of the movant's contentions. Id. at ¶ 29. Hence, a trial court's decision on a post-sentence motion to withdraw guilty plea will be reversed only for an abuse of discretion. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph two of the syllabus.
 {¶ 55} In its February 3, 2004 judgment entry, the trial court denied appellant's motion, stating:
 {¶ 56} "The court having reviewed the file and the transcript finds that the defendant was fully informed of all of his Constitutional Rights and the possible consequences of a plea of guilty and indicated he fully understood those rights prior to entering his plea of guilty."
 {¶ 57} Appellant supported his motion to withdraw his guilty plea with the same argument used to support his ineffective assistance of counsel claim on appeal. In our analysis of his first assignment of error, we determined appellant did not suffer ineffective assistance of counsel. Moreover, appellant's plea hearing indicates he fully understood the implications of pleading guilty to the crimes in question. Appellant has failed to demonstrate he suffered a manifest injustice. The trial court did not abuse its discretion when it overruled appellant's motion to withdraw his guilty plea without a hearing. Appellant's second assignment of error is without merit.
 {¶ 58} For the above reasons, appellant's two assignments of error are overruled and the decision of the Portage County Court of Common Pleas is hereby affirmed.
Ford, P.J., Grendell, J., concur.
[1] The prosecutor noted that there was some "miscommunication" regarding the interrelation of the plea offer and restitution; to wit, the prosecutor indicated appellant's restitution would impact the state's sentencing recommendation, not the plea itself.
[2] As noted supra, appellant had previously completed law school and passed the New York state bar exam. Although he is not a registered attorney in Ohio, he has a unique understanding of criminal procedure that most defendants do not possess. Thus, it is difficult to discern how appellant did not knowingly and voluntarily plead to the charges in question when he so averred during the plea colloquy.