By the Court.
 

 In considering and deciding this controversy this court is not asked to formulate any new rule of law but merely to reapply the principles announced in the cases of
 
 Land Title Abstract & Trust Co.
 
 v.
 
 Dworken,
 
 129 Ohio St., 23, 193 N. E., 650, and
 
 *397
 

 Judd
 
 v.
 
 City Trust & Savings Bank,
 
 133 Ohio St., 81, 12 N. E. (2d), 288, relied upon by the plaintiffs and the defendant.
 

 In the first case the pertinent paragraph of the syllabus is the sixth which reads as follows:
 

 “Such guarantee companies are likewise precluded from preparation of or advising in the drafting of escrow agreements and instructions, other than the clerical service of recording the stated agreement of the parties to the transaction, and except as to provisions necessary for the protection of any such company as escrow agent.”
 

 In the second case this court made the following pronouncement in the third paragraph of the syllabus:
 

 “Banks and trust companies in Ohio are engaged in the unauthorized practice of law when, through their regular salaried officers and employees, who may be attorneys at law admitted to practice in Ohio, they prepare and draft wills, trust agreements, or contracts and other-instruments requiring the exercise of legal skill, for their customers or patrons. ’ ’
 

 The sole question presented by the plaintiffs’ appeal is whether the defendant has violated this rule by merely filling printed blank forms of contract for the purchase of realty. More specifically, does the filling of these printed blank forms require the exercise of legal skill, or does it constitute merely the clerical service of recording the stated agreement of the parties to the transaction? This court finds itself in agreement with the reasoning and conclusion of the lower courts to the effect that the supplying of simple, factual material such as the date, the price, the name of the purchaser, the location of the property, the date of giving possession and the duration of the offer requires ordinary intelligence rather than the skill peculiar to one trained and experienced in the law.
 

 
 *398
 
 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.