[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 255.]

CINCINNATI BAR ASSOCIATION *v.* CROMWELL.

[Cite as *Cincinnati Bar Assn. v. Cromwell*, 1998-Ohio-237.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio who represents others with regard to their causes of action for injury, communicates with insurance companies about claims, makes representations to creditors on behalf of third parties, and advises persons of their rights, and the terms and conditions of settlement is engaged in the unauthorized practice of law.*

(No. 98-95—Submitted March 25, 1998—Decided June 24, 1998.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court of Ohio, No. UPL 96-3.

_____

{¶ 1} On August 1, 1996, relator, Cincinnati Bar Association, filed a complaint alleging that respondent, Elwood L. Cromwell III of Cincinnati, Ohio, although not licensed to practice law in any state or other jurisdiction of the United States, and not registered as an attorney at law with the Supreme Court of Ohio, had rendered legal services for others and therefore was engaged in the unauthorized practice of law. After respondent answered, the matter was submitted to the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court of Ohio ("board") on stipulated facts.

{¶ 2} Respondent, a resident of Cincinnati, had never received a license to practice law in any jurisdiction and is not registered as an attorney with the Supreme Court of Ohio. During 1994 and part of 1995, respondent conducted a business under the name Paralegal Service Group, which operated without the supervision of an attorney. In May 1994, Dawn Brown engaged respondent and paid him a retainer of $50, with an additional $200 to be paid upon settlement, to pursue her

claim against an insurance company arising out of an automobile accident. Respondent then wrote to State Farm Insurance Company, stating that he had been retained to negotiate a settlement for Brown and that he hoped it would not be necessary to turn the case over to an attorney for further legal action. He also wrote to Sports Therapy, Inc., presumably a creditor of Brown, to advise it that he was negotiating a settlement for Brown, and in September 1994, he drafted a settlement agreement with respect to the matter. Then Brown fired respondent and he refunded her retainer.

{¶ 3} In January 1995, Calvin Ward engaged respondent to represent him with respect to a motor vehicle accident and paid him a retainer of $50. On Ward's behalf, respondent contacted the Windsor Group, an insurance company, with respect to a settlement. Respondent also received referrals from other individuals to retain him as their representative with respect to personal injury claims, and to review correspondence related to divorce.

{¶ 4} The board concluded that respondent's actions, including communicating with insurance companies on behalf of Brown and Ward, and communicating with a creditor and preparing a settlement agreement on Brown's behalf, constituted the unauthorized practice of law in Ohio. The board recommended that respondent be prohibited from engaging in such practices in the future.

————————

*Dinsmore & Shohl LLP* and *Douglas W. Campbell; Beckman, Weil, Shepardson & Faller*, *LLC* and *Sally Y. Moore,* for relator.

*Elwood L. Cromwell III*, *pro se*.

————————

***Per Curiam.***

{¶ 5} We adopt the findings and conclusions of the board. As the board correctly noted, the practice of law includes representing others with regard to their

causes of action for personal injury, communicating with insurance companies about claims, making representations to creditors on behalf of third parties, and advising persons of their rights, and the terms and conditions of settlement. *Cincinnati Bar Assn. v. Fehler-Schultz* (1992), 64 Ohio St.3d 452, 597 N.E.2d 79; *Stark Cty. Bar Assn. v. George* (1976), 45 Ohio St.2d 267, 74 O.O.2d 425, 344 N.E.2d 132.  Not having been registered to practice law in Ohio, respondent, by his actions, was engaged in the unauthorized practice of law in Ohio.  Respondent is hereby enjoined from engaging in any further activities that might constitute the unauthorized practice of law.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____