[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 583.]

CLEVELAND BAR ASSOCIATION *v.* MOORE.

[Cite as *Cleveland Bar Assn. v. Moore*, 2000-Ohio-253.]

*Unauthorized practice of law—Individual admitted to practice law in Pennsylvania but not authorized to practice law in Ohio acted as legal counsel for clients in Ohio on personal injury matters, including entering into contingency fee agreements with them, negotiating on their behalf with insurance companies, and agreeing to settlements for them— Engagement in the unauthorized practice of law enjoined.*

(No. 99-1491—Submitted October 12, 1999—Decided January 19, 2000.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law, No. UPL 98-1.

———————

{¶ 1} On May 13, 1998, relator, Cleveland Bar Association, filed a complaint charging respondent, Cornell Moore of Cleveland, Ohio, with engaging in the unauthorized practice of law in Ohio. After respondent answered, the matter was submitted to the Board of Commissioners on the Unauthorized Practice of Law ("board").

{¶ 2} Based on the stipulations of the parties and depositions of respondent, the board made the following findings. Respondent is admitted to the practice of law in Pennsylvania and is a member in good standing of the bar of that state, but he has never been licensed to practice law in Ohio. Beginning in 1990, respondent had successive office-sharing arrangements with several Cleveland attorneys. On the letterhead of one of these attorneys, respondent indicated that he was admitted to practice in Pennsylvania only. However, respondent identified himself as an attorney at law in both the Yellow and White Pages of the Ameritech, Cleveland, Ohio telephone directory.

**{¶ 3}** The board found that although respondent never filed a complaint or appeared on behalf of a client in the courts of Ohio, he acted as legal counsel on and after 1990 for clients in Ohio on personal injury matters, including entering into contingent fee agreements with them, negotiating on their behalf with insurance companies, and agreeing to settlements for them. The board specifically found that respondent undertook such actions on behalf of Devore McDonald and Michelle Keyes, and William Mumford.

**{¶ 4}** Respondent claimed that he was following guidelines that had been set for him by the Cleveland Bar Association in 1989, that he was not aware of advertising that had been placed by a member of the firm in whose office he worked, and that his work in the attorney's office was similar to that of a paralegal.

**{¶ 5}** The board concluded that respondent's conduct, including negotiating on behalf of Ohio clients with adverse parties, communicating with their insurance companies, preparing settlement packages, making settlement demands, and agreeing to settlements, while he was not admitted to the practice of law in the state of Ohio, constituted the unauthorized practice of law in Ohio. The board recommended that respondent be prohibited from further engaging in the unauthorized practice of law.

—————————

*John A. Hallbauer, Robert J. Fay* and *David M. Gareau,* for relator.

*Richard S. Koblentz* and *Peter A. Russell,* for respondent.

—————————

***Per Curiam.***

**{¶ 6}** We adopt the findings, conclusion, and recommendation of the board. Because respondent did not operate under the supervision and control of the attorneys in whose offices he worked, we reject his claim that his activities were similar to those of a paralegal. As we held in *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 695 N.E.2d 244, a lawyer admitted to practice in another state,

but not authorized to practice in Ohio, who counsels Ohio clients on Ohio law and drafts legal documents for them is engaged in the unauthorized practice of law in Ohio. Respondent in this case was engaged in the unauthorized practice of law in Ohio.

**{¶ 7}** Respondent is hereby enjoined from the further practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____