[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 154.]

AKRON BAR ASSOCIATION *v*. BOJONELL.

[Cite as *Akron Bar Assn. v. Bojonell*, 2000-Ohio-287.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio represented others and communicated on their behalf to adverse parties about settlements of causes of action–Engagement in the unauthorized practice of law enjoined.*

(No. 99-1616—Submitted October 20, 1999—Decided February 23, 2000.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL 98-4.

_____

{¶ 1} On September 2, 1998, relator, Akron Bar Association, filed a complaint charging that respondent, Jeoffrey K. Bojonell of Stow, Ohio, was engaged in the unauthorized practice of law.  Respondent answered, and the matter was submitted to the Board of Commissioners on the Unauthorized Practice of Law ("board") on stipulated facts.

{¶ 2} The board found the following facts.  Respondent, who was not a lawyer, operated a sole proprietorship in Akron, Ohio, under the name of Bozen, Hammond & Kline.  Further, respondent, representing National Recharge, Inc. in the matter of *Recharge-It Co. v. National Recharge, Inc.,* contacted Recharge-It Company's attorney, Steve Sciortino, attempting to negotiate a "settlement" for "our client," National Recharge, Inc., on issues respondent described as "false advertisement, non-performance of product, and Breach."  In July 1997, respondent also contacted attorney William Chris of the law firm of Buckley, King & Blusco, regarding "Summit Hand Center vs. John Harvey, Case No. 97 CVI 05329," stating that "we have been retained to resolve and settle this matter."  Finally, during the time that respondent was speaking with and corresponding with these attorneys, he

made offers of settlement, and discussed legal theories of liability and litigation procedures.

**{¶ 3}** The board concluded that respondent engaged in the unauthorized practice of law and recommended that he be prohibited from engaging in such conduct in the future.

———————————

*Michael A. Saltzer,* for relator.

*James M. Campbell,* for respondent.

———————————

***Per Curiam.***

**{¶ 4}** As we have previously held in a matter very similar to this, representing others by advising them of their rights and communicating on their behalf to adverse parties about settlements of causes of action  constitutes the practice of law.  *Cincinnati Bar Assn. v. Cromwell* (1998), 82 Ohio St.3d 255, 695 N.E.2d 243.

**{¶ 5}** Respondent is hereby enjoined from engaging in any further activities that might constitute the unauthorized practice of law.  Cost are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————