**[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 139.]**

CLEVELAND BAR ASSOCIATION *v*. REED.

[Cite as *Cleveland Bar Assn. v. Reed*, 2002-Ohio-322.]

*Attorneys at law—Misconduct—Public reprimand—Aiding a nonlawyer in the unauthorized practice of law—Sharing legal fees with a nonlawyer— Engaging in conduct prejudicial to the administration of justice.*

(No. 01-1179—Submitted October 16, 2001—Decided January 16, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-59.

_____

*Per Curiam*.

{¶ 1} On January 19, 2000, we determined that Cornell Moore, a lawyer in good standing in the state of Pennsylvania, had engaged in the unauthorized practice of law in Ohio by advising Ohio clients on personal injury matters, entering into contingency fee agreements with them, negotiating on their behalf with insurance companies, and agreeing to settlements for them. *Cleveland Bar Assn. v. Moore* (2000), 87 Ohio St.3d 583, 722 N.E.2d 514. We enjoined Moore from the further practice of law in Ohio.

{¶ 2} Now, based upon a complaint filed by relator, Cleveland Bar Association, on August 14, 2000, we are called upon to determine whether respondent, Tyrone E. Reed of Cleveland, Ohio, Attorney Registration No. 0030839, aided Moore in the unauthorized practice of law. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 3} Based upon testimony introduced at the hearing, the panel found that in 1994, respondent leased office space to Moore. While working out of that office space, Moore negotiated with insurance companies and settled some cases on a

contingency fee basis. Cases that he could not settle, Moore referred to respondent for litigation. At the beginning of his tenancy in respondent's offices, Moore produced letters from the Cleveland Bar Association and the Office of the Disciplinary Counsel of the Supreme Court of Ohio stating that Moore's activity did not constitute the unauthorized practice of law.

{¶ 4} But respondent went further than merely leasing space to Moore. He listed Moore on his letterhead captioned "Tyrone E. Reed & Associates" as "Cornell Moore (Lic. in PA Only)." On his own initiative, respondent placed an advertisement in the telephone Yellow Pages that read[1]: "Reed, Tyrone E. & Associates/ Bankruptcy / Criminal / Divorce & Family Law / Personal Injury / For Consultation Call / Tyrone E. Reed / Nicole C. Longino / Cornell Moore," followed by Reed's office address and phone number, creating the impression that Moore was an attorney associated with respondent. And respondent split his legal fees with Moore on cases referred to him by Moore.

{¶ 5} The panel concluded that respondent's conduct violated DR 3-101(A) (a lawyer shall not aid a nonlawyer in the unauthorized practice of law), 3-102 (a lawyer or law firm shall not share legal fees with a nonlawyer), and 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). In mitigation, the panel found that respondent had relied on the letters from the bar association and Disciplinary Counsel and did not believe that he was engaging in unethical behavior. The panel received testimony and letters to the effect that respondent was an attorney of the utmost integrity and professionalism and noted that in 1998, when he discovered that there might be an ethical problem in his association with Moore, he terminated all relationship with Moore.

{¶ 6} The panel recommended that respondent receive a public reprimand. The board adopted the findings, conclusions, and recommendation of the panel.

---

1. The advertisement was one column wide, two inches high. The slash marks herein indicate line breaks in the advertisement.

**{¶ 7}** On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Bruce P. Mandel* and *Pamela E. Loesel,* for relator.

*Richard S. Koblentz* and *Craig J. Morice,* for respondent.

———————————