[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 498.]

MEDINA COUNTY BAR ASSOCIATION *v*. FLICKINGER.

[Cite as *Medina Cty. Bar Assn. v. Flickinger*, 2002-Ohio-2483.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio prepared warranty deed conveying real estate and held herself out as an attorney at law in Ohio—Engagement in the unauthorized practice of law enjoined.*

(No. 2001-2195—Submitted February 27, 2002—Decided June 12, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law, No. UPL012.

————————————

*Per Curiam.*

{¶1} In November 1998, Shirley May Flickinger of Medina, Ohio, a person not admitted to the practice of law in Ohio, prepared a warranty deed conveying real estate from Ken I. Cleveland, grantor, to Shirley May Flickinger, as grantee. The deed was prepared for the signature of Ken I. Cleveland. One of the witness names typed on the deed was "Shirley May Flickinger." The notary signature portion of the deed was prepared for the signature of "Shirley May Flickinger, Attorney at Law/November 1977, Washington, D.C./American Bar Association."

{¶2} On November 10, 1998, Flickinger transmitted the deed to Cleveland under cover of a letter that read: "Please have your witness and self sign in the designated line. I will have the title notized [sic]. Respectfully, Attorney-at-Law Shirley May Flickinger."

{¶3} Relator, Medina County Bar Association, contacted Flickinger about these activities, and shortly thereafter Flickinger wrote to the Clerk of the Supreme Court of Ohio asking for "confirmation on the licensing of Shirley May Flickinger * * * in or about November 1977, admitted to the American Bar Association,

certified by Warren Berger [sic], Chief Justice of the United States Supreme Court, Washington, D.C." She signed the letter as Shirley May Flickinger, Attorney at Law. The Attorney Registration Office of the Supreme Court of Ohio responded that it had "no record of her ever applying to take the bar exam for the State of Ohio."

{¶4} On January 29, 2001, relator filed a complaint charging that by preparing legal documents and holding herself out as an attorney, Flickinger was engaged in the unauthorized practice of law. After the matter was referred to the Board of Commissioners on the Unauthorized Practice of Law ("board"), Flickinger did not answer the complaint. Instead, she sent a letter to relator, dated July 16, 2001, stating that she did not practice law in Medina County and asking that the case be dismissed. Flickinger did not appear at the hearing scheduled for August 15, 2001.

{¶5} In response to relator's motion for default, the board found the facts as stated. The board concluded that Shirley May Flickinger, although not admitted to the practice of law in Ohio, prepared legal documents for another and otherwise held herself out as an attorney at law in Ohio and therefore was engaged in the unauthorized practice of law. The board recommended that Flickinger be restrained from engaging in the unauthorized practice of law in the future.

{¶6} On review of the record we adopt the findings, conclusions, and recommendation of the board. Shirley May Flickinger is hereby enjoined from engaging in any activity in the future that may constitute the unauthorized practice of law. Costs are taxed to Shirley May Flickinger.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Richard Barbera, Shawn P. Martin and Elayne M. Siegfried, for relator.

_____