COLUMBUS BAR ASSOCIATION *v.* VERNE.

[Cite as *Columbus Bar Assn. v. Verne,*
99 Ohio St.3d 50, 2003-Ohio-2463.]

(No. 2003–0259—Submitted April 16, 2003—Decided May 16, 2003.)

## Per Curiam.

{¶ 1} Respondent, Leonard P. Verne Jr., is a certified public accountant ("CPA"). In 1997, two men who were operating a power-washing company discussed with respondent how best to structure their business. Although respondent has never been admitted to the practice of law in Ohio or any other jurisdiction, he drafted articles of organization, using forms available from the Secretary of State's office as a baseline, to establish the business as a limited liability company ("LLC").

{¶ 2} In early 2000 after the partners had a falling out, one of them consulted an attorney who was also a CPA about how to structure the company's future business transactions. The attorney reviewed the documents of organization that respondent had prepared and filed. He discovered that no operating agreement had been executed between the two partners, an omission that commentators caution against. Henning & McQuown, Ohio Limited Liability Company: Forms and Practice Manual (December 2001), Section 3.5 (written operating agreements "minimize disputes, prevent fraud, protect the legitimate expectations of the members, and avoid or minimize problems with disregard of the entity for liability purposes").

{¶ 3} The attorney asked his client who had assisted in forming the LLC, and the client directed him to respondent. When the attorney realized that respondent was not licensed to practice law, he filed a grievance with relator, the Columbus Bar Association. On March 27, 2002, relator issued a formal complaint charging respondent with having engaged in the unauthorized practice of law and seeking to enjoin this conduct. The Board of Commissioners on the Unauthorized Practice of Law heard the cause, found the facts as stated, and recommended that we issue the injunction together with an order for reimbursement of costs and expenses.

{¶ 4} We adopt the board's findings and recommendation. For a layperson to draft documents creating a business entity on another's behalf is unquestionably the unauthorized practice of law. *Cincinnati Bar Assn. v. Davis* (1992), 62 Ohio Misc.2d 64, 590 N.E.2d 916. Accord *Florida Bar v. Mills* (Fla.1981), 398 So.2d 1368; and *Knight v. Day* (2001), 343 Ark. 402, 36 S.W.3d 300. And although respondent argues that as a CPA he is also capable of competently advising clients in the creation of these documents, his argument actually makes relator's case against him.

{¶ 5} While we recognize that certified public accountants perform a valuable function in advising on financial matters in the formation of a company, such as how best to structure a business entity for tax benefits, there are still many remaining issues that require legal analysis in choosing a business structure. This case highlights the dangers when those lines are blurred. In this case, respondent helped his clients choose a business structure, a decision that ordinarily requires a significant amount of legal judgment in addition to tax and other accounting considerations. Clients need to know the legal differences between and formalities of available structures and then be advised according to their best interests, taking into account personal and practical concerns, not just tax consequences. Where there is more than one principal involved in the venture, the existing and potential conflicts also must be assessed. This undertaking is hardly the clerical service that respondent insists he performed and that is permissible under *Gustafson v. V.C. Taylor & Sons, Inc.* (1941), 138 Ohio St. 392, 20 O.O. 484, 35 N.E.2d 435. To the contrary, respondent's advice to his clients about which business structure they should choose is just what *Gustafson* determined to be the unlicensed practice of law. Id. at 397, 20 O.O. 484, 35 N.E.2d 435.

{¶ 6} Accordingly, we adopt the findings, conclusion, and recommendation of the board. Respondent is hereby enjoined from preparing legal documents that constitute the unauthorized practice of law. Costs and expenses are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

COOK, J., concurs in judgment.

---

D. Allan Asbury, Bruce Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel.

Alan L. Bolen, for respondent.

Blaugrund, Herbert & Martin, Steven A. Martin and Teri G. Rasmussen, for amicus curiae Ohio Society of Certified Public Accountants.

Eugene P. Whetzel, for amicus curiae Ohio State Bar Association.