MIAMI COUNTY BAR ASSOCIATION *v*. WYANDT & SILVERS, INC. ET AL.

[Cite as *Miami Cty. Bar Assn. v. Wyandt & Silvers, Inc*.,

107 Ohio St.3d 259, 2005-Ohio-6430.]

*Unauthorized practice of law enjoined—Advice on choice of business structure—*
*Civil penalty imposed.*

(No. 2004-2176 – Submitted August 23, 2005— Decided December 21, 2005.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the
Supreme Court, No. UPL 04-02.

_____

**Per Curiam**.

**{¶ 1}** On February 11, 2004, relator, Miami County Bar Association, charged that respondents, Roland A. Wyandt of Piqua, Ohio, and Wyandt & Silvers, Inc., a company that provides tax preparation and bookkeeping services in Piqua, had engaged in the unauthorized practice of law. The complaint alleged that Wyandt, acting on behalf of Wyandt & Silvers, had provided legal advice to his customers about how and whether to incorporate certain Ohio businesses and then prepared the necessary corporate documents. Similar charges were lodged against Katherine J. Silvers, respondents' associate, but these were ultimately dismissed for lack of evidence.

**{¶ 2}** After respondents were served with the complaint, Wyandt responded to the allegations in a letter dated March 1, 2004. He argued that his knowledge of corporate law, obtained in earning his accounting degree, qualified him to counsel clients as to the legal requirements and implications of the various corporate structures. He sent the letter to relator in care of the Miami County Law Library, and a librarian forwarded it to relator's attention. Relator received nothing else in answer to the complaint

**{¶ 3}** The Board on the Unauthorized Practice of Law heard the cause on November 17, 2004. Silvers appeared pro se. Wyandt was served with notice of the proceedings but did not appear.

**{¶ 4}** Evidence substantiated that Wyandt & Silvers, Inc. is an Ohio corporation created in 1999 and that Wyandt and Silvers are the two principal shareholders. Wyandt is not and has never been admitted to the practice of law in this state. Acting on behalf of Wyandt & Silvers, Inc. after 1999, however, respondent Wyandt gave legal advice to and prepared legal documents for clients who inquired about setting up various businesses under Ohio law. Charging hundreds of dollars in fees, Wyandt advised at least five different clients — the founders of B.A.D. Trucking, Inc, UR Square, Inc., Vulchers Row, Inc., and Multi Clean, Inc., and the cofounder of Finishing Touches, Etc., Inc. – about advantages and disadvantages associated with incorporation, although he sometimes also mentioned partnerships and other business structures. For each corporation, Wyandt then filled out and perhaps filed basic forms available from the Ohio Secretary of State to establish articles of incorporation and appoint a statutory agent.

**{¶ 5}** The board concluded that respondents' actions constituted the unauthorized practice of law and recommended that we enjoin them from engaging in such practices in the future. The board also recommended that we impose a $20,000 civil penalty against respondents, representing $4,000 for each offense.

**{¶ 6}** The board specified the factors justifying the penalty. First, despite sufficient notice, Wyandt did not appear at any of the board proceedings. Wyandt had also flagrantly engaged in the unauthorized practice of law on at least five occasions, causing harm to those who relied on him to practice only within the field of his professional competence.

**{¶ 7}** Pursuant to Gov.Bar R. VII(8)(B)(5), allowing consideration of other relevant factors, the board also relied on Wyandt's recidivism as justification for the civil penalty. In 1995, the Miami County Court of Common Pleas ordered Wyandt to cease practicing law without a license after finding that he and his former firm, Wyandt & Associates, had prepared wills, leases, trusts, and articles of incorporation for others and had advised others on the legal consequences of their actions, all in violation of R.C. 4705.01. *Miami Cty. Bar Assn. v. Wyandt* (Mar. 31, 1995), Miami C.P. No. 94-371.

**{¶ 8}** Respondents have not filed objections to the board's findings and recommendation.

**{¶ 9}** Upon review, we agree that respondents engaged in the unauthorized practice of law and that an injunction is warranted. Pursuant to Gov.Bar R. VII(19)(D)(1)(c), we further agree that respondents' illegal conduct calls for the recommended $20,000 civil penalty. See, e.g., *Toledo Bar Assn. v. Chelsea Title Agency of Dayto*n, *Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29.

**{¶ 10}** Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over all matters related to the practice of law. A person who is not admitted to practice law in Ohio under Gov.Bar R. I and is not granted active status under Gov.Bar R. VI or certified under Gov.Bar R. II, IX, or XI engages in the unauthorized practice of law when he or she provides legal services to another. Gov.Bar R. VII(2)(A); see, also, R.C. 4705.01.

**{¶ 11}** "[T]he practice of law is not limited to appearances in court, but also includes giving legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are preserved." *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 193 N.E. 650. Moreover, a corporation cannot lawfully engage in the practice of law

through its officers who are not licensed to practice law. *Cincinnati Bar Assn. v. Clapp & Affiliates Financial Serv., Inc.* (2002), 94 Ohio St.3d 509, 764 N.E.2d 1003; *Disciplinary Counsel v. Lawlor* (2001), 92 Ohio St.3d 406, 750 N.E.2d 1107; *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558. Furthermore, an accountant unlicensed in law engages in the unauthorized practice by drafting documents to create a business entity for a client. In *Columbus Bar Assn. v. Verne*, 99 Ohio St.3d 50, 2003-Ohio-2463, 788 N.E.2d 1064, ¶ 5, we explained:

**{¶ 12}** "While we recognize that certified public accountants perform a valuable function in advising on financial matters in the formation of a company, such as how best to structure a business entity for tax benefits, there are still many remaining issues that require legal analysis in choosing a business structure. This case highlights the dangers when those lines are blurred. In this case, respondent helped his clients choose a business structure, a decision that ordinarily requires a significant amount of legal judgment in addition to tax and other accounting considerations. Clients need to know the legal differences between and formalities of available structures and then be advised according to their best interests, taking into account personal and practical concerns, not just tax consequences. Where there is more than one principal involved in the venture, the existing and potential conflicts also must be assessed. This undertaking is hardly the clerical service that respondent insists he performed and that is permissible under *Gustafson v. V.C. Taylor & Sons, Inc.* (1941), 138 Ohio St. 392, 20 O.O. 484, 35 N.E.2d 435. To the contrary, respondent's advice to his clients about which business structure they should choose is just what *Gustafson* determined to be the unlicensed practice of law. Id. at 397, 35 N.E.2d 435, 20 O.O. 484."

**{¶ 13}** Respondents are therefore enjoined from engaging in the unauthorized practice of law in Ohio, including the preparation on another's

4

behalf of legal papers necessary to form a business entity under the laws of Ohio. Moreover, because a civil penalty furthers the purposes of Gov.Bar R. VII, respondents are hereby fined $20,000. Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Dysinger, Stewart & Downing, L.P.A., and Bryan K. Stewart; and James Bennett, for relator.

_____