DAYTON BAR ASSOCIATION *v.* STEWART ET AL.

[Cite as *Dayton Bar Assn. v. Stewart,*
116 Ohio St.3d 289, 2007-Ohio-6461.]

(No. 2007–1481—Submitted September 19, 2007—Decided December 11, 2007.)

Per Curiam.

{¶ 1} Relator, Dayton Bar Association, charged respondents, Ricky L. Stewart, a certified public accountant ("C.P.A.") in Dayton, Ohio, and Ricky L. Stewart, C.P.A., Inc., an accounting firm, with engaging in the unauthorized practice of law. Relator's complaint alleged that these respondents had practiced law by seeking corporate status for organizing and, in some cases, dissolving companies on behalf of business owners. The Board on the Unauthorized Practice of Law concluded that respondents had practiced law in Ohio in violation of licensure requirements, and recommends that we enjoin respondents from committing further illegal acts and order $8,200 in civil penalties. We agree that respondents engaged in the unauthorized practice of law and that an injunction and civil penalty are warranted.

{¶ 2} The parties waived their rights to a hearing, see Gov.Bar R. VII(7)(H), and a panel of the board considered this case on the parties' stipulations of fact. The panel made findings that were consistent with the parties' stipulation agreement, determined that respondents had engaged in the unauthorized practice of law, and recommended an injunction and a civil penalty under Gov.Bar R.

VII(8)(B) of $8,200. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 3} The parties have not objected to the board's report.

### Respondents Engaged in the Unauthorized Practice of Law

{¶ 4} Stewart is not licensed or otherwise authorized to practice law in Ohio, nor is he admitted to practice in any other jurisdiction. He provides accounting services as an individual and under the name Ricky L. Stewart, C.P.A., Inc., which lost its corporate franchise in 2002. Stewart admits that since 1994, he has individually and in association with Ricky L. Stewart, C.P.A., Inc., engaged in the unauthorized practice of law on numerous occasions.

{¶ 5} Stewart prepared documents to be filed with the Ohio Secretary of State, including articles of incorporation, articles of organization, and certificates of dissolution, for at least 82 business entities. He started this practice by researching the process for incorporating a business under Ohio law. He then repeatedly provided legal advice as to the propriety of incorporation and then drafted supporting legal documents for filing. Business owners paid respondents fees ranging from $250 to $650 for Stewart's services, which sometimes included his accounting recommendations and preparation of state and federal tax filings. Stewart claims that he did not realize that his actions were illegal.

{¶ 6} Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." Our jurisdiction thus extends to regulating the unauthorized practice of law, which we do to protect the public from agents "who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558. As we have said:

{¶ 7} "It is the responsibility of this court to provide effective standards for admission to the practice of law and for the discipline of those admitted to practice. Litigation must be projected through the courts according to established practice by lawyers who are of high character, skilled in the profession, dedicated to the interest of their clients, and in the spirit of public service. In the orderly process of the administration of justice, any retreat from those principles would be a disservice to the public." Id. Accord *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40 ("limiting the practice of law to licensed attorneys is generally necessary to protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation").

{¶ 8} "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A). A nonattorney's advising another person in corporate-structuring strategies and then drawing up the documents to produce incorporated status constitute the unauthorized practice of law. *Columbus Bar Assn. v. Verne,* 99 Ohio St.3d 50, 2003-Ohio-2463, 788 N.E.2d 1064, ¶ 4; *Miami Cty. Bar Assn. v. Wyandt & Silvers, Inc.,* 107 Ohio St.3d 259, 2005-Ohio-6430, 838 N.E.2d 655, ¶ 11–12. We thus agree that respondents engaged in the unauthorized practice of law.

### An Injunction Is Warranted

{¶ 9} Having found that respondents engaged in the unauthorized practice of law by advising others on how to establish and protect legal interests through incorporation and preparing documents for filing with the secretary of state, we accept the board's recommendation to issue an injunction prohibiting respondents from engaging in these and all other acts constituting the practice of law.

{¶ 10} Last, we consider the recommendation to impose a civil penalty. Under Gov.Bar R. VII(8)(B), the board may recommend civil penalties of up to $10,000 per offense based on the following factors:

{¶ 11} "(1) The degree of cooperation provided by the respondent in the investigation;

{¶ 12} "(2) The number of occasions that unauthorized practice of law was committed;

{¶ 13} "(3) The flagrancy of the violation;

{¶ 14} "(4) Harm to third parties arising from the offense; [and]

{¶ 15} "(5) Any other relevant factors."

{¶ 16} UPL Reg. 400(F), which supplements Gov.Bar R. VII(8)(B)(5), lists "other relevant factors":

{¶ 17} "(1) Whether relator has sought imposition of a civil penalty and, if so, the amount sought.

{¶ 18} "(2) Whether the imposition of civil penalties would further the purposes of Gov.Bar R. VII.

{¶ 19} "(3) Aggravation. The following factors may be considered in favor of recommending a more severe penalty:

{¶ 20} "(a) Whether respondent has previously engaged in the unauthorized practice of law;

{¶ 21} "(b) Whether respondent has previously been ordered to cease engaging in the unauthorized practice of law;

{¶ 22} "(c) Whether the respondent had been informed prior to engaging in the unauthorized practice of law that the conduct at issue may constitute an act of the unauthorized practice of law;

{¶ 23} "(d) Whether respondent has benefited from the unauthorized practice of law and, if so, the extent of any such benefit;

{¶ 24} "(e) Whether respondent's unauthorized practice of law included an appearance before a court or other tribunal;

{¶ 25} "(f) Whether respondent's unauthorized practice of law included the preparation of a legal instrument for filing with a court or other governmental entity; and

{¶ 26} "(g) Whether the respondent has held himself or herself out as being admitted to practice law in the State of Ohio, or whether respondent has allowed others to mistakenly believe that he or she was admitted to practice law in the State of Ohio.

{¶ 27} "(4) Mitigation. The following factors may be considered in favor of recommending no penalty or a less severe penalty:

{¶ 28} "(a) Whether respondent has ceased engaging in the conduct under review;

{¶ 29} "(b) Whether respondent has admitted or stipulated to the conduct under review;

{¶ 30} "(c) Whether respondent has admitted or stipulated that the conduct under review constitutes the unauthorized practice of law;

{¶ 31} "(d) Whether respondent has agreed or stipulated to the imposition of an injunction against future unauthorized practice of law;

{¶ 32} "(e) Whether respondent's conduct resulted from a motive other than dishonesty or personal benefit;

{¶ 33} "(f) Whether respondent has engaged in a timely good faith effort to make restitution or to rectify the consequences of the unauthorized practice of law; and

{¶ 34} "(g) Whether respondent has had other penalties imposed for the conduct at issue."

{¶ 35} The facts that respondents engaged in the unauthorized practice of law numerous times and derived great benefit therefrom weigh in favor of a civil penalty. Since 1994, respondents have engaged in acts constituting the unauthorized practice of law at least 82 times. Each time, respondents charged between

$250 and $650, although in some cases, part of the fee was for Stewart's work as an accountant.

{¶ 36} Weighing in respondents' favor, however, are the facts that Stewart acceded to the board's authority, agreed to stop giving legal advice and preparing legal documents, and stipulated to having exceeded his legal authority as a C.P.A. Stewart has also acquiesced in the injunction that relator proposed.

{¶ 37} Stewart seriously overstepped his professional boundaries. But as the board observed, his cooperation in these proceedings and relator's decision not to seek a civil penalty should be reflected in our sanction. We accept the board's recommendation for the imposition of a civil penalty of $8,200, which represents a $100 fine for each of the 82 stipulated instances of the unauthorized practice of law.

{¶ 38} Respondents are hereby enjoined from (1) advising others on how to establish and protect legal interests through incorporation, (2) preparing documents to form, organize, or dissolve a corporation, and (3) performing all other acts constituting the practice of law. In addition, Stewart shall inform any person requesting such services from respondents that he is not licensed to practice law in Ohio, and he shall direct that person to seek the advice of a licensed attorney. Also, within 60 days of our order, Stewart shall send letters to the principals of all entities that he assisted with incorporation notifying them that his conduct constituted the unauthorized practice of law, and he shall enclose with each such notice a copy of this decision. Stewart shall send a copy of all such notices to relator's counsel. Respondents are further ordered to pay, pursuant to Gov.Bar R. VII(8)(B), a civil penalty of $8,200.

{¶ 39} Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Thompson Hine, L.L.P., and Chad E. Burton, for relator.

William G. Knapp III, for respondents.