Disciplinary Counsel *v.* Robson.

[Cite as *Disciplinary Counsel v. Robson,*
116 Ohio St.3d 318, 2007-Ohio-6460.]

(No. 2007–1482—Submitted September 19, 2007—Decided December 13, 2007.)

Per Curiam.

{¶ 1} Relator, Disciplinary Counsel, charged that respondent, Jeffrey Steven Robson, a.k.a. Jeffrey Roush, of Lima, Ohio, engaged in the unauthorized practice of law by posing as a licensed attorney, seeking employment with a law firm, and attempting to represent clients. The Board on the Unauthorized Practice of Law found that respondent had practiced law in Ohio without a license and recommends that we enjoin his illegal acts and impose a civil penalty of $1,000. We agree that respondent engaged in the unauthorized practice of law and that an injunction and civil penalty are warranted.

{¶ 2} A panel of the board considered this case on the parties' stipulations of facts and waiver of notice and hearing. See Gov.Bar R. VII(7)(H). The panel found, consistent with the parties' stipulation, that respondent had engaged in the unauthorized practice of law but that the civil penalty authorized by Gov.Bar R. VII(8)(B) was inappropriate. The board accepted the panel's findings of fact and conclusions of law, but it recommended a $1,000 fine with the injunction.

{¶ 3} Neither party objects to the board report.

Respondent Engaged in the Unauthorized Practice of Law

{¶ 4} Respondent graduated in 1999 from the University of Cincinnati College of Law but never passed the Ohio bar examination. He is thus not admitted to the practice of law in Ohio, nor has he been admitted to practice in any other jurisdiction. Respondent nevertheless held himself out as a licensed attorney to the law firm that later hired him, to prospective and current clients of that firm, and to lawyers and others outside the firm.

{¶ 5} Respondent accepted employment with Vidmar & Hardesty, Ltd., in December 2005 after lying to attorneys in the firm about his qualifications to practice in this state and in North Carolina. Along with other false information, respondent provided the firm fictitious attorney-registration numbers for Ohio

and North Carolina and a fabricated report of his supposed malpractice insurance.

{¶ 6} While employed by Vidmar & Hardesty, respondent solicited business from at least two prospective clients for the law firm and gave those clients legal advice. He counseled one prospective client regarding an advantageous corporate business structure. For another, he recommended estate-planning strategies.

{¶ 7} Respondent also participated in settlement negotiations on behalf of a different client in North Carolina, and he prepared a settlement and release agreement to resolve that case. Respondent prepared other contracts, including at least one that defined a joint business venture. A licensed attorney reviewed the contracts that respondent prepared, but respondent acted without direction or oversight in his consultations with clients and others.

{¶ 8} Upon discovering respondent's deception in February 2006, Vidmar & Hardesty summarily discharged him.

{¶ 9} Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction as to "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." Our jurisdiction thus extends to regulating the unauthorized practice of law. The unauthorized practice of law is "the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A).

{¶ 10} By holding himself out as a member of the Ohio bar to prospective clients and others without possessing a license to practice law in this state, respondent engaged in the unauthorized practice of law. *Disciplinary Counsel v. Brown*, 99 Ohio St.3d 114, 2003-Ohio-2568, 789 N.E.2d 210; *Medina Cty. Bar Assn. v. Flickinger*, 95 Ohio St.3d 498, 2002-Ohio-2483, 769 N.E.2d 822. See also R.C. 4705.07(A)(1) and (2) and 4705.99 (impersonating an attorney is a misdemeanor of the first degree). He engaged in the unauthorized practice of law by advising another person in corporate structuring strategies. *Columbus Bar Assn. v. Verne*, 99 Ohio St.3d 50, 2003-Ohio-2463, 788 N.E.2d 1064; *Miami Cty. Bar Assn. v. Wyandt & Silvers, Inc.*, 107 Ohio St.3d 259, 2005-Ohio-6430, 838 N.E.2d 655. Respondent also engaged in the unauthorized practice of law by representing others' interests during settlement negotiations. *Akron Bar Assn. v. Bojonell* (2000), 88 Ohio St.3d 154, 724 N.E.2d 401; *Cleveland Bar Assn. v. Moore* (2000), 87 Ohio St.3d 583, 722 N.E.2d 514.

### The Recommended Injunction and Civil Penalty Are Warranted

{¶ 11} Having found that respondent engaged in the unauthorized practice of law. We accept the board's recommendation to issue an injunction prohibiting these and all other acts constituting the practice of law. We also accept the board's recommendation, made in accordance with the parties' agreement, for an injunction prohibiting respondent from ever again applying for admission to the Ohio bar.

{¶ 12} Last, we consider the board's recommendation for a $1,000 civil penalty. Under Gov.Bar R. VII(8)(B), the board may recommend civil penalties in an amount up to $10,000 per offense based on the following factors:

{¶ 13} "(1) The degree of cooperation provided by the respondent in the investigation;

{¶ 14} "(2) The number of occasions that unauthorized practice of law was committed;

{¶ 15} "(3) The flagrancy of the violation;

{¶ 16} "(4) Harm to third parties arising from the offense; [and]

{¶ 17} "(5) Any other relevant factors."

{¶ 18} Under UPL Reg. 400(F), which supplements Gov.Bar R. VII(8)(B)(5), the "other relevant factors" are as follows:

{¶ 19} "(1) Whether relator has sought imposition of a civil penalty and, if so, the amount sought.

{¶ 20} "(2) Whether the imposition of civil penalties would further the purposes of Gov.Bar R. VII.

{¶ 21} "(3) Aggravation. The following factors may be considered in favor of recommending a more severe penalty:

{¶ 22} "(a) Whether respondent has previously engaged in the unauthorized practice of law;

{¶ 23} "(b) Whether respondent has previously been ordered to cease engaging in the unauthorized practice of law;

{¶ 24} "(c) Whether the respondent had been informed prior to engaging in the unauthorized practice of law that the conduct at issue may constitute an act of the unauthorized practice of law;

{¶ 25} "(d) Whether respondent has benefited from the unauthorized practice of law and, if so, the extent of any such benefit;

{¶ 26} "(e) Whether respondent's unauthorized practice of law included an appearance before a court or other tribunal;

{¶ 27} "(f) Whether respondent's unauthorized practice of law included the preparation of a legal instrument for filing with a court or other governmental entity; and

{¶ 28} "(g) Whether the respondent has held himself or herself out as being admitted to practice law in the State of Ohio, or whether respondent has allowed others to mistakenly believe that he or she was admitted to practice law in the State of Ohio.

{¶ 29} "(4) Mitigation. The following factors may be considered in favor of recommending no penalty or a less severe penalty:

{¶ 30} "(a) Whether respondent has ceased engaging in the conduct under review;

{¶ 31} "(b) Whether respondent has admitted or stipulated to the conduct under review;

{¶ 32} "(c) Whether respondent has admitted or stipulated that the conduct under review constitutes the unauthorized practice of law;

{¶ 33} "(d) Whether respondent has agreed or stipulated to the imposition of an injunction against future unauthorized practice of law;

{¶ 34} "(e) Whether respondent's conduct resulted from a motive other than dishonesty or personal benefit;

{¶ 35} "(f) Whether respondent has engaged in a timely good faith effort to make restitution or to rectify the consequences of the unauthorized practice of law; and

{¶ 36} "(g) Whether respondent has had other penalties imposed for the conduct at issue."

{¶ 37} The board acknowledged the mitigating factors that respondent is no longer attempting to practice law, that he cooperated in the board proceedings, and that he has admitted his wrongdoing. The board, however, found respondent's pretense tantamount to fraud, complete with lies and fabrications to perpetuate the ruse. The board concluded that the flagrancy of respondent's conduct outweighed all mitigating factors.

{¶ 38} Respondent is accountable for a $1,000 civil penalty and has agreed never to reapply for admission to the Ohio bar. Our order enjoining the filing of such an application will ensure that he does not.

{¶ 39} Respondent is hereby enjoined from holding himself out as a licensed attorney, giving legal advice, and participating on behalf of others in settlement negotiations, and engaging in any other acts constituting the practice of law. Respondent is also enjoined from ever again applying for admission to the Ohio bar, including any application to take the bar examination. Respondent is

further ordered to pay, pursuant to Gov.Bar R. VII(8)(B), a civil penalty of $1,000.

{¶ 40} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Jeffrey Steven Robson, pro se.