DISCIPLINARY COUNSEL *v.* PRATT

[Cite as *Disciplinary Counsel v. Pratt*, **127 Ohio St.3d 293, 2010-Ohio-6210.**]

*Unauthorized practice of law — Drafting and reviewing legal documents and giving legal advice to clients — Injunction issued and civil penalty imposed.*

(No. 2010-1496 — Submitted October 13, 2010 — Decided December 22, 2010.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 09-06.

_____

**Per Curiam**.

{¶ 1} Relator, Disciplinary Counsel, filed a six-count complaint charging that respondent, Gardner Pratt of Loveland, Ohio, had engaged in the unauthorized practice of law by holding himself out as an attorney and by performing legal services, including drafting and reviewing legal instruments and contracts, giving legal advice, and negotiating a buyout. Respondent is not, and never has been, admitted to the practice of law in Ohio.

{¶ 2} Respondent was personally served with the complaint, but he failed to file an answer, and a panel of the Board on the Unauthorized Practice of Law was appointed to hear the case. Pursuant to Gov.Bar R. VII(7)(B), relator filed a motion for default. The panel granted the motion after reviewing the submitted evidence, consisting primarily of affidavits from individuals to whom respondent had held himself out as an attorney. The panel issued findings of fact and conclusions of law and determined that respondent had engaged in the unauthorized practice of law. The panel recommended that we enjoin respondent from engaging in the unauthorized practice of law and impose a $60,000 civil penalty upon him.

**{¶ 3}** The board adopted the findings of fact, conclusions of law, and recommended sanction of the panel. We agree that respondent engaged in the unauthorized practice of law. Accordingly we enjoin him from engaging in the unauthorized practice of law, and we impose a $60,000 civil penalty.

## Respondent Engaged in the Unauthorized Practice of Law

*Count One*

**{¶ 4}** A man ("Client One") hired respondent to perform legal services after respondent represented that he was licensed to practice law in Ohio and Florida. From March 2006 until November 2007, Client One paid respondent $70,073.93 in legal fees.

**{¶ 5}** Respondent drafted and reviewed contracts, agency agreements, and lease agreements for Client One's businesses. He also provided legal advice regarding acquisitions of other businesses and contracts.

**{¶ 6}** In December 2006, respondent sent a letter to an insurance group in Florida representing himself as the "attorney-at-law" for one of Client One's businesses. In March 2007, respondent performed litigation review and negotiated a settlement on behalf of Client One in the legal dispute discussed in Count Two of the complaint.

**{¶ 7}** In 2007, respondent interviewed a bar applicant about the possibility of her working for Client One after she passed the bar. Respondent represented himself to be Client One's attorney. Respondent told the interviewee that he had gone to law school in Florida, had taken the essay portion of the Ohio bar in order to practice law in Ohio, had worked as an attorney in Arkansas, and maintained malpractice insurance.

**{¶ 8}** Later in 2007, respondent stopped returning Client One's phone calls and e-mails. Client One asked the interviewee, who has since been admitted to the practice of law in Ohio, to retrieve his files from respondent. She attempted to do so, and she learned in the process that respondent was not licensed to

practice law in Ohio and did not carry malpractice insurance; she eventually went to respondent's home with a police escort to obtain the files. She reported these issues to the Office of Attorney Services of the Supreme Court of Ohio.

{¶ 9} Client One filed a civil suit to recover the legal fees that he had paid to respondent. Respondent did not defend against the action, and the court granted Client One's motion for default judgment in the amount of $70,073.97. Respondent has not paid any part of that judgment.

*Count Two*

{¶ 10} A woman was a co-owner of the property where respondent maintained an office. Respondent represented himself as an attorney to that woman and her husband on several occasions, leading them to believe that he was licensed to practice law in Ohio.

{¶ 11} The woman co-owned a company with Client One. Client One wanted the woman to purchase his share of the company, and he asked respondent to negotiate the buyout. A tentative agreement was reached, and the woman hired an attorney to represent her as the deal was finalized. Respondent assumed responsibility for drafting the buyout contract, and he tried to add a contract term requiring the woman to pay him attorney fees at more than $200 per hour. The woman's attorney suggested to his client that she verify that respondent was an attorney after respondent had called to ask what form book to use to draft the buyout contract. The woman's husband learned that respondent was not an attorney, and after being confronted, respondent said that he was simply under suspension and that the suspension would be cleared up soon. Respondent later contacted the woman's attorney and told him that Client One had hired new counsel for the case.

*Count Three*

{¶ 12} Another man ("Client Two") maintained an office at the same address as respondent. Client One referred Client Two to respondent, and

respondent represented himself as a contract attorney to Client Two. Client Two paid respondent $225 in legal fees to prepare a contract for use in his business. Client Two later found out that respondent was not a licensed attorney, but respondent has not refunded any part of the fees.

*Count Four*

{¶ 13} Another co-owner of the property where respondent maintained an office testified in an affidavit that respondent regularly stated that he was an attorney. Based upon this misrepresentation, the co-owner referred the woman in Count Five to respondent for legal assistance.

*Count Five*

{¶ 14} The company that employed the woman ("Client Three") whom the co-owner in Count Four had referred to respondent hired respondent to revise a lease agreement, draft a contractor agreement, and review documents related to forming a condominium association. The hiring was based upon respondent's representation that he was authorized to perform legal work. Client Three paid respondent $1,800 in legal fees. Respondent has not refunded those fees.

*Count Six*

{¶ 15} The husband of the woman in Count Two referred another man to respondent for assistance in preparing legal documents. This individual wanted respondent to prepare franchise documents and contracts. Respondent represented to the man that he was an attorney. After he met respondent, the man believed that respondent was an attorney but concluded that respondent was not experienced with franchises. He decided not to hire respondent and later found out that respondent was not an attorney.

**Analysis**

{¶ 16} This court has original jurisdiction to regulate the practice of law in Ohio. See Section 2(B)(1)(g), Article IV, Ohio Constitution; *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 16. We

restrict the practice of law to licensed attorneys to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 17} Respondent has engaged in the unauthorized practice of law by rendering legal services for others when he was not admitted or otherwise registered or certified to practice law in Ohio, in violation of Gov.Bar R. VII(2)(A). We have held that legal services include " 'giving legal advice and counsel' " as well as preparing " 'legal instruments and contracts by which legal rights are preserved.' " *Miami Cty. Bar Assn. v. Wyandt & Silvers, Inc.*, 107 Ohio St.3d 259, 2005-Ohio-6430, 838 N.E.2d 655, ¶ 11, quoting *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244. Nonlawyers are prohibited from representing the legal interests of others in settlement negotiations. *Cincinnati Bar Assn. v. Foreclosure Solutions, L.L.C.*, 123 Ohio St.3d 107, 2009-Ohio-4174, 914 N.E.2d 386, ¶ 25. Nonlawyers also engage in the unauthorized practice of law when they accept legal fees for legal representation and advice. *Disciplinary Counsel v. Brown*, 121 Ohio St.3d 423, 2009-Ohio-1152, 905 N.E.2d 163, ¶ 28.

{¶ 18} Persons not licensed to practice law in Ohio are also prohibited from holding themselves out "in any manner as an attorney at law" or from representing that they are authorized to practice law "orally or in writing, directly or indirectly." R.C. 4705.07(A)(1) and (2).

{¶ 19} Respondent held himself out as an Ohio-licensed attorney to individuals and companies. He improperly accepted legal fees for his work as a nonlawyer. He participated in legal negotiations on behalf of a client. He offered to prepare, and in some cases actually did prepare, legal documents for clients who thought he was a lawyer. Finally, he improperly reviewed legal documents for clients. These actions constitute the unauthorized practice of law.

**An Injunction and Civil Penalties Are Warranted**

{¶ 20} Having found that respondent engaged in the unauthorized practice of law, we accept the board's recommendation that we issue an injunction prohibiting respondent from engaging in the unauthorized practice of law.

{¶ 21} We also accept the recommendation that we impose civil penalties as authorized by Gov.Bar R. VII(8)(B). In reaching this determination, we weigh the factors listed in that rule and the supplementary factors found in UPL Reg. 400(F).

{¶ 22} Several aggravating factors in this case make the imposition of civil penalties appropriate. Respondent failed to cooperate with the investigation or participate in the proceedings; the six counts involved multiple occurrences over a period of two years; the board found that the unauthorized practice of law was committed flagrantly and was "outrageous, brazen, fraudulent, and deceitful"; and the clients who hired respondent were harmed when he charged significant legal fees, created legal documents, and gave advice without proper training and education. Gov.Bar R. VII(8)(B)(1) through (4). Respondent also engaged in a course of conduct that allowed others to mistakenly believe that he was admitted to practice law in Ohio. UPL Reg. 400(F)(3)(g).

{¶ 23} Because respondent did not participate in these proceedings, he did not offer any evidence of mitigating factors. In its motion for default, relator states that he is unaware of any factors that mitigate respondent's conduct.

{¶ 24} Based upon these aggravating factors and the lack of any mitigating factors, the board recommended a civil penalty of $10,000 for each count in the complaint, for a total of $60,000. We accept this recommendation.

{¶ 25} We therefore enjoin respondent from engaging in any further acts that constitute the practice of law. We also impose a civil penalty against respondent in the amount of $60,000.

{¶ 26} Costs and expenses are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Phillip A. King, Assistant Disciplinary Counsel, for relator.

_____