■ HARRY WEINBERG, Appellant, v HILLBRAE BUILDERS, INC., et al., Defendants, and DANIEL HOCHMAN, Respondent.—Order of the Supreme Court, New York County, entered March 20, 1975, vacating and setting aside judgment previously entered on default against defendant Daniel Hochman for $2,867 and vacating a third-party order served on the Chemical Bank of Woodbury, New York, in which the bank account of said defendant was attached, unanimously affirmed, with $40 costs and disbursements to respondent. Special Term on the basis of affidavits correctly held that "[t]here is no proof whatever that this defendant was ever served in the action, by substituted service or otherwise." Although a court may take judicial notice of its own records (Richardson, Evidence [10th ed], § 652) (in this case the process server's affidavit of service on file with the court), it could not take judicial notice of a "fact" which was controverted, i.e., whether service of the summons herein was properly effected. No traverse was required. In the face of sworn denials by said defendant that service of process was at any time made upon him, the affidavit of the process server was insufficient to meet the issue. If a hearing were ordered on the question of service, the process server's affidavit alleging substituted service would present an insurmountable block to showing that proper service was effected. CPLR 308 (subd 4) permits substituted service "where service under paragraphs one and two cannot be made with due diligence". Subdivisions 1 and 2 provide for service upon the person himself or by delivering the summons "to a person of suitable age and discretion". The process server's affidavit admitted that he spoke to defendant's wife at defendant's house. Consequently, service was not thereafter possible under CPLR 308 (subd 4) since service could have been completed upon her for defendant (CPLR 308, subd 2). The only affidavit on the motion relating to "service" was submitted by plaintiff's attorney and contains contradictory statements: "After the personal service of the summons on the defendant Marshak,—and on both Daniel and Julius Hochman * * * The defendant Daniel Hochman was served by substituted service—not personal service on February 2, 1972 and he never appeared in the case." In addition, we cannot agree with appellant that there was such protracted delay in moving to vacate the judgment and order that this court should not impeach the judgment herein. The motion to vacate was made within three weeks of the entry of judgment. Nor, under the circumstances presented, did Special Term abuse its discretion in vacating the default judgment without terms (Galanter v Gordon, 28 AD2d 1007). Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.