[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 406.]

OFFICE OF DISCIPLINARY COUNSEL *v.* LAWLOR.

[Cite as *Disciplinary Counsel v. Lawlor*, 2001-Ohio-195.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction for converting funds of a corporation—Practicing law while registered inactive and while under interim suspension.*

(No. 00-2281—Submitted March 14, 2001—Decided July 18, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-26.

_____

*Per Curiam.*

{¶ 1} On May 30, 1996, we suspended respondent, Patrick M. Lawlor of Broadview Heights, Ohio, Attorney Registration No. 0041717, from the practice of law for an interim period, having been advised that respondent pled guilty to a felony and was sentenced to two years in prison. *In re Lawlor* (1996), 75 Ohio St.3d 1500, 664 N.E.2d 1296.

{¶ 2} On April 17, 2000, relator, Disciplinary Counsel, filed a two-count complaint charging that respondent had violated several rules of the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 3} Based on testimony and stipulations, the panel found that although respondent was admitted to the bar in 1989, he never actively engaged in the practice of law and on February 9, 1996, was put on inactive status by the Supreme Court at his request. A month earlier, on January 19, 1996, respondent pled guilty to the charge of "attempted aggravated grand theft," a third degree felony. The plea arose out of respondent's conversion of $180,000 while he was treasurer of the

Cleveland Grays, a nonprofit men's club. On April 15, 1996, the Cuyahoga County Common Pleas Court sentenced respondent to two years in prison and ordered him to pay restitution to the club. At the time of the sentencing hearing, respondent had paid only $25,000 of the restitution ordered.

{¶ 4} The panel concluded that respondent's conduct that resulted in the felony conviction violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct adversely reflecting on the lawyer's ability to practice law).

{¶ 5} The panel also found that on May 19, 1999, while registered inactive and while under interim suspension by virtue of our order of May 30, 1996, respondent was president and majority shareholder of COB Clearinghouse Corporation, a defendant in a civil action in the Cuyahoga County Common Pleas Court. On that day, respondent filed an answer and counterclaim on behalf of the corporation, signing it "Patrick M. Lawlor, JD, President, COB Clearinghouse Corp." On July 15, 1999, COB Clearinghouse filed a "First Amended Answer and Counterclaim" signed by attorney Mark L. Wakefield.

{¶ 6} The panel concluded that by representing a corporation while suspended from the practice of law, respondent violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on the lawyer's ability to practice law), and 3-101(B) (practicing in a jurisdiction where doing so is in violation of the regulations of the profession in that jurisdiction). Because respondent initially represented falsely that he believed he was a codefendant in the action against COB Clearinghouse and had filed an answer and counterclaim in that case on his own behalf, the panel found that he also violated DR 1-102(A)(4).

{¶ 7} The panel recommended that respondent be indefinitely suspended from the practice of law and that no petition for reinstatement be entertained until

respondent makes full restitution to the Cleveland Grays. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 8} We accept the findings, conclusions, and recommendation of the board. Respondent's felony conviction for converting the funds of a corporation of which he was treasurer would alone warrant disbarment. *Disciplinary Counsel v. Madden* (2000), 89 Ohio St.3d 238, 730 N.E.2d 379; *Disciplinary Counsel v. Bertram* (1999), 85 Ohio St.3d 113, 707 N.E.2d 464.

{¶ 9} However, having reviewed the record, we note that relator delayed nearly four years after our interim suspension of respondent in 1996 to bring a disciplinary action based on respondent's felony conviction. Gov.Bar R. V(4)(D)(2) states that no disciplinary investigation "shall be extended beyond one year from the date of the filing of the grievance." Although Gov.Bar R. V(4)(D)(3) provides that an investigation that extends beyond one year is prima facie evidence of unreasonable delay, no evidence was presented here that the rights of the respondent to a fair hearing have been violated. Most of the pertinent facts have been stipulated to by the parties. Nevertheless, we believe that some mitigation of the penalty is appropriate because of the delay.

{¶ 10} Turning to the second count, we note that R.C. 4705.01 prohibits anyone from practicing law or commencing or defending an action in which he is not a party concerned unless he has been admitted to the bar by order of the Supreme Court. Since *Union Savings Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558, we have consistently held that a corporation may not maintain an action through an officer who is not a licensed attorney. Cf. *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 85 Ohio St.3d 156, 707 N.E.2d 499. Although respondent was admitted to the bar of Ohio, he had not only voluntarily taken inactive status, but we had suspended him indefinitely from the practice. His filing a pleading on behalf of a corporation, no matter how great his interest in the corporation,

constituted the practice of law. Respondent therefore engaged in the practice of law in violation of our rules, and he was also in contempt of an order of this court.

{¶ 11} Respondent is hereby indefinitely suspended from the practice of law in Ohio and is further prohibited from reinstatement until he has made full restitution to the Cleveland Grays. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy Solochek Beckman*, Assistant Disciplinary Counsel, for relator.

*Christopher J. Mallin,* for respondent.

_____