[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 509.]

CINCINNATI BAR ASSOCIATION v. CLAPP & AFFILIATES FINANCIAL SERVICES, INC.

[Cite as *Cincinnati Bar Assn. v. Affliliates Fin. Serv., Inc.*, 2002-Ohio-1485.]

*Unauthorized practice of law—Respondent corporation held in contempt for failing to comply with Supreme Court's April 26, 2001 subpoena—Respondent corporation ordered to comply with relator's subpoena regarding its investigation of whether the corporation was engaged in the unauthorized practice of law—Actions intervening respondent required to do in order to purge himself of contempt.*

(No. 00-2099—Submitted October 31, 2001—Decided April 3, 2002.)

ON ORDER Requiring Intervening Respondent to Appear Pursuant to Order Holding Him in Contempt.

***Per Curiam.***

{¶ 1} This matter is before the court on its order of September 28, 2001, holding intervening respondent, Robert D. Clapp of Cincinnati, Ohio, in contempt of court and requiring that he appear before this court on October 31, 2001. *Cincinnati Bar Assn. v. Clapp & Affiliates Fin. Serv., Inc.* (2001), 93 Ohio St.3d 1437, 755 N.E.2d 900.

{¶ 2} On August 9, 2000, we found invalid certain subpoenas *duces tecum* issued by the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court at the request of relator, Cincinnati Bar Association, because the subpoenas failed to include the language required by Civ.R. 45(A)(1)(c). *Cincinnati Bar Assn. v. Adjustment Serv. Corp.* (2000), 89 Ohio St.3d 385, 732 N.E.2d 362. One of the invalid subpoenas sought the production of documents from Clapp & Affiliates Financial Services, Inc. ("Clapp, Inc."), a respondent in

that action, for the purpose of aiding relator in its investigation of whether Clapp, Inc. was engaged in the unauthorized practice of law.

**{¶ 3}** On October 10, 2000, the board again issued the subpoena, this time in proper form. On October 26, 2000, Robert D. Clapp ("Robert Clapp"), a nonlawyer appearing as an officer of Clapp, Inc., filed a motion to quash the subpoena. Clapp, Inc. failed to respond to the subpoena, and on January 25, 2001, we granted relator's motion to require Clapp, Inc. to show cause why it should not be held in contempt for its failure. 91 Ohio St.3d 1422, 741 N.E.2d 147.

**{¶ 4}** On February 14, 2001, Robert Clapp sought to intervene in the action on the ground that he was the sole shareholder of Clapp, Inc. At the same time, Robert Clapp filed a motion to quash the subpoena directed to Clapp, Inc. On March 5, 2001, we granted the motion of Robert Clapp to intervene and denied his motion to quash the subpoena. Accordingly, on April 26, 2001, the board issued an order to compel Clapp, Inc. to comply with the subpoena. Clapp, Inc. failed to respond, and relator filed a motion requesting this court to order Clapp, Inc. to show cause why it should not be held in contempt for failing to comply with the subpoena. On June 26, 2001, we granted that motion to show cause. 92 Ohio St.3d 1427, 749 N.E.2d 755.

**{¶ 5}** Clapp, Inc. failed to show cause as required. However, on July 12, 2001, Robert Clapp filed a "Response to Order Entered June 26, 2001." By order dated September 28, 2001, we found Robert Clapp in contempt for not complying with the subpoena *duces tecum* and ordered him to appear in person before the court on October 31, 2001. 93 Ohio St.3d 1437, 755 N.E.2d 900. Robert Clapp did appear before the court on the day assigned for hearing.

**{¶ 6}** As a result of that hearing, the court finds that the materials requested by the relator are necessary and pertinent to its ongoing investigation of whether respondent Clapp, Inc. is engaged in the unauthorized practice of law and that the subpoena requesting those materials was validly issued and served.

**{¶ 7}** The court further finds that Robert D. Clapp moved to quash the subpoena directed at Clapp, Inc. and further filed a "response" to the board's order of June 26, 2001, ostensibly for himself, but actually on behalf of the corporation of which he is sole shareholder and Chief Executive Officer. As we recently said in *Disciplinary Counsel v. Lawlor* (2001), 92 Ohio St.3d 406, 407, 750 N.E.2d 1107, 1109, *"Since Union Savings Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558, we have consistently held that a corporation may not maintain an action through an officer who is not a licensed attorney."* In *Union Savings*, we also held that a corporation may not appear in court through its officer. And in *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 85 Ohio St.3d 156, 160-161, 707 N.E.2d 499, 502-503, we found that the officers of a corporation and of a quasi-corporation (a local board of education), having prepared and filed legal documents for their corporations, had engaged in the unauthorized practice of law. Here, based on his statements in open court before us and taking judicial notice of our own records, we find that Robert D. Clapp, who is not an attorney admitted to the practice of law in Ohio, has personally engaged in the practice of law in this state.

**{¶ 8}** We previously found that Robert D. Clapp engaged in the unauthorized practice of law in *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771.

**{¶ 9}** THEREFORE, with respect to respondent Clapp, Inc.,

**{¶ 10}** (1) IT IS ORDERED that respondent, Clapp, Inc., having failed to show cause why it should not be held in contempt for failing to comply with the April 26, 2001 subpoena, is hereby held in contempt and,

**{¶ 11}** (2) IT IS ORDERED that respondent, Clapp, Inc., produce within ten days of the date of this order any book or books published or produced by Clapp, Inc. and any documents or other material relating to the marketing of any such book, as well as all records of business activities and prospects derived from the

promulgation of such book. In addition, Clapp, Inc. shall comply with relator's subpoena and produce at the office of counsel for the relator within ten days of the date of this order any and all files and records pertaining to any clients that respondent Clapp, Inc. has represented within the past two years, including any samples of any form letters sent by Clapp, Inc. to market its services, contact potential clients, or negotiate settlements. Respondent Clapp, Inc. shall also produce within ten days of the date of this order at the offices of counsel for relator any and all documents provided to clients of Clapp, Inc. after payment is received by Clapp, Inc. and

{¶ 12} FURTHER, with respect to intervening respondent, Robert D. Clapp,

{¶ 13} IT IS ORDERED that intervening respondent, Robert D. Clapp, having been held in contempt on September 28, 2001, shall purge himself of said contempt by causing Clapp, Inc., a corporation of which he is sole shareholder and Chief Executive Officer, to fully and completely comply with the subpoena of April 26, 2001, and to cause Clapp, Inc. to produce the documents and other materials described in paragraph (2) of this order at the office of the counsel for the relator within ten days of the date of this order, and

{¶ 14} IT IS FURTHER ORDERED that intervening respondent, Robert D. Clapp, in order to purge himself of contempt, shall produce or cause to be produced within ten days of the date of this order at the office of counsel for the relator any book or books published or produced by himself, or by himself with another or others, or by Clapp, Inc., and any documents or other material relating to the marketing of any such book, as well as all business activities and prospects derived from the promulgation of such book, and

{¶ 15} IT IS FURTHER ORDERED that intervening respondent Robert D. Clapp, within ten days of the date of this order shall file an affidavit with relator and with this court that he is no longer engaged and does not further intend to

engage in any counseling or negotiation regarding legal matters for or on behalf of another, or appear in court by pleadings or personal appearance for or on behalf of any party other than himself, or engage in any other practice that may constitute the practice of law, and

**{¶ 16}** IT IS FURTHER ORDERED that should intervening respondent Robert D. Clapp in his personal capacity or as Chief Executive Officer of respondent Clapp, Inc., or as sole shareholder of Clapp, Inc., fail to produce the items referred to in this order, he shall be incarcerated in the Richland County Jail for a period of no less than thirty days and as long thereafter as he shall fail to purge himself of the contempt of this court.

**{¶ 17}** Costs are taxed to intervening respondent Robert D. Clapp.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Steven F. Stuhbarg,* for relator.

*Robert D. Clapp, pro se*.

————————————