[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 137.]

OFFICE OF DISCIPLINARY COUNSEL *v*. SHRODE.

[Cite as *Disciplinary Counsel v. Shrode*, 2002-Ohio-1759.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio files pleadings on behalf of a company—Engagement in the unauthorized practice of law enjoined.*

(No. 2001-2196—Submitted January 30, 2002—Decided May 1, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law, No. UPL0011.

_____

**Per Curiam.**

{¶1} On October 27, 1999, respondent, John C. Shrode of Tiffin, Ohio, filed an answer on behalf of Court Street Properties, Ltd., a defendant in a foreclosure action in the Seneca County Court of Common Pleas. Respondent, who is not licensed to practice law in Ohio, signed the answer as "statutory agent." On July 13, 2000, in the same case, respondent filed a "Motion to Modify Order of Confirmation and Distribution" on Court Street Properties' behalf, again signing as "statutory agent."

{¶2} On October 10, 2000, relator, Office of Disciplinary Counsel, advised respondent that it was investigating allegations that his filings of pleadings constituted the unauthorized practice of law. On October 17, 2000, the trial court stayed the matter pending the outcome of the investigation by Disciplinary Counsel. However, the trial court denied a motion filed by Old Fort Banking Company, another defendant in the foreclosure action, to strike the pleadings filed by respondent because he was not attorney.

{¶3} On November 22, 2000, respondent filed a motion in the trial court requesting the court to hold Old Fort Banking Co. and its attorney in contempt for

allegedly violating the stay and signed the pleading on behalf of Court Street Properties as "statutory agent."

{¶4} On December 13, 2000, relator filed a complaint before the Board of Commissioners on the Unauthorized Practice of Law, alleging that, by filing the pleadings on behalf of Court Street Properties, respondent was engaging in the unauthorized practice of law. On January 18, 2001, relator received respondent's answer to the complaint; however, the answer was never filed with the board. On June 26, 2001, after several attempts to contact respondent, relator filed a motion for default.

{¶5} The board heard the matter on August 15, 2001, found the facts as set forth above, and concluded that respondent had engaged in the unauthorized practice of law. The board recommended that respondent be enjoined from further such activity.

{¶6} On review of the record, we accept the facts as found by the board. In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus, we held that "[t]he practice of law * * * embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts."

{¶7} Respondent prepared and filed pleadings in the Common Pleas Court of Seneca County on behalf of another and was therefore engaged in the practice of law. Respondent, however, has never been and is not now an attorney admitted to practice in Ohio.

{¶8} R.C. 4705.01 provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance

with its prescribed and published rules." Since *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558, where the president of a corporation attempted to file a pleading on behalf of the corporation, we have consistently held that a corporation may not maintain an action through an officer who is not a licensed attorney. We so held again in *Disciplinary Counsel v. Lawlor* (2001), 92 Ohio St.3d 406, 750 N.E.2d 1107, where the president and majority shareholder attempted to file a pleading on behalf of a corporation.

{¶9} It was Court Street Properties, not respondent, that was a named defendant in the action in the Common Pleas Court of Seneca County. Only an attorney could file pleadings on behalf of Court Street Properties. Respondent's status as a "statutory agent" under R.C. 1701.07 did not give him the right to file pleadings for the company. Thus, by filing those pleadings, respondent was engaging in the unauthorized practice of law.

{¶10} Therefore, we concur in the recommendation of the board. Respondent is hereby enjoined from any further activities that constitute the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

————————