DISCIPLINARY COUNSEL *v.* GIVENS.

[Cite as *Disciplinary Counsel v. Givens,*
106 Ohio St.3d 144, 2005-Ohio-4104.]

(No. 2004–2175—Submitted March 9, 2005—Decided August 31, 2005.)

**Per Curiam.**

{¶ 1} On December 4, 2002, relator, Disciplinary Counsel, charged that respondent, Greg P. Givens, last known address in Shadyside, Ohio, had engaged in the unauthorized practice of law. Respondent was served the complaint but did not answer, and relator moved for default. See Gov.Bar R. VII(7)(B). The Board on the Unauthorized Practice of law granted the motion, making findings of fact, conclusions of law, and a recommendation.

{¶ 2} Respondent represents that he is the director, chief executive officer, and statutory agent for United Charities/Adventure Novelty Association, Inc. ("Adventure Novelty") and that Adventure Novelty is a nonprofit organization. In evidence submitted to substantiate the motion for default, Adventure Novelty is also referred to as Adventure Novelty, Ohio Valley Chapter; Adventure Novelty/Volunteer Alliance, Ohio Valley Chapter; and Ohio Valley Chapter, Adventure Novelty organized as Volunteer Alliance. Respondent has never been admitted to practice, granted active status, or certified to practice law in Ohio pursuant to Gov.Bar R. I (admission to practice), II (internship), VI (active status), IX (temporary certification), or XI (foreign legal consultants).

{¶ 3} In June 2002, the Ohio Attorney General filed a complaint on behalf of the Ohio Department of Commerce against Adventure Novelty in the county court of Belmont County, Ohio, seeking to enforce the state minimum-wage law and to recover $164.15 in underpaid wages. On July 3, 2002, respondent filed two motions to dismiss the complaint, purportedly acting on Adventure Novelty's behalf as "Attorney or Agent for Defendant." On August 5, 2002, the Belmont County Court rejected the motion to dismiss because it had been filed by a nonlawyer.

{¶ 4} On June 19, 2002, respondent filed a "Complaint for Preliminary Restraining Order and for Temporary and Permanent Injunction" in the United States District Court for the Southern District of Ohio on behalf of Adventure Novelty and against the Ohio Department of Commerce. Respondent signed the complaint as "Trial Attorney." Respondent also filed that day an application to proceed in forma pauperis and a motion to appear pro hac vice on Adventure Novelty's behalf. The district court immediately denied these motions because respondent had not identified himself as an attorney. The court also dismissed the claim for injunctive relief for lack of jurisdiction. On July 5, 2002, the court entered judgment against Adventure Novelty.

{¶ 5} The board found that respondent had engaged in the unauthorized practice of law in Ohio and recommended that we enjoin respondent from future attempts to represent others in court. We adopt the board's findings and recommendation.

{¶ 6} Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over all matters related to the practice of law, including allegations of laypersons practicing law without a license. Moreover, "except to the limited extent necessary for the accomplishment of the federal objectives," none of which are at stake here, we are also authorized to enjoin the unauthorized practice of law before federal courts located in this state. *Sperry v. Florida ex rel. Florida Bar* (1963), 373 U.S. 379, 402, 83 S.Ct. 1322, 10 L.Ed.2d 428; *Mahoning Cty. Bar Assn. v. Harpman* (1993), 62 Ohio Misc.2d 573, 575, 608 N.E.2d 872.

{¶ 7} The unauthorized practice of law consists of rendering legal services for another by any person not admitted to practice in Ohio. Gov.Bar R. VII(2)(A); R.C. 4705.01. Thus, only a licensed attorney may file pleadings and other legal papers in court or manage court actions on another's behalf. *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402; *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771; *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 673 N.E.2d 1307; *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 657 N.E.2d 499; and *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650. Moreover, a nonlawyer may not practice law in defense of a corporate entity merely because he holds some official corporate position. *Cincinnati Bar Assn. v. Clapp & Affiliates Fin. Serv., Inc.* (2002), 94 Ohio St.3d 509, 764 N.E.2d 1003. Cf. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (company officer not licensed to practice law may assert a claim or defense in small claims court on behalf of a limited liability corporation, provided that the officer does not engage in cross-examination, argument, or other acts of advocacy).

{¶ 8} Respondent, a nonlawyer, filed legal papers on behalf of another in Ohio and federal district court and thereby engaged in the unauthorized practice of law. Respondent is therefore enjoined from filing such papers and from all other acts constituting the unauthorized practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Greg P. Givens, pro se.