OPINION
{¶ 1} Aaron and Marie Davies appeal from a judgment of the Miamisburg Municipal Court, which overruled their Civ. R. 60(B) motion for relief from a default judgment entered in favor of their prior landlord, Delia McKenzie.
 {¶ 2} We conclude that the trial court erred in overruling the Davieses' motion for *Page 2 
relief from judgment. Accordingly, the judgment of the trial court will be reversed, and this matter will be remanded for further proceedings.
 I {¶ 3} In 1999, the Davieses rented a residence from McKenzie at 4534 Harbison Street in Miamisburg[1] . After the initial one-year lease term, the lease continued on a month-to-month basis. The Davieses lived at the residence together from 1999 through February 2003, when the parties separated and Mr. Davies moved out. Mrs. Davies resided at 4534 Harbison until October 2003. She received a notice of eviction for non-payment of rent on October 20, 2003, which informed her that McKenzie wanted her to vacate the premises by October 23. Mrs. Davies claims that she complied with this notice.
 {¶ 4} On October 28, 2003, McKenzie filed a complaint in "Forcible Detention with Claim for Rent" in the Miamisburg Municipal Court. McKenzie sought $4,900 in unpaid rent from August 1, 1998, through the date of the complaint. On November 5, a summons was issued instructing the bailiff to notify Mr. and Mrs. Davies that they should appear or answer by November 18. On November 17, the summons was returned, signed by the "Bailiff/Process Server," stating: "I personally served the Defendant at the last known address. Date: 11-12-03 Time: [blank]." The return was signed by the "Bailiff/Process Server." The bailiffs signature was illegible. At a hearing on November 18, 2003, the trial court found that the Davieses had been legally served with process and had failed to appear. On November 24, 2003, the trial court entered a writ of restitution of the Harbison residence to McKenzie. *Page 3 
 {¶ 5} It appears from the record that service by certified mail was attempted on November 18, 2003, to each of the Davieses at 4534 Harbison. The certified mail was returned, unclaimed, on December 5, 2003.
 {¶ 6} On April 21, 2004, the trial court entered a default judgment in favor of McKenzie in the amount of $4,900, plus costs and interest.
 {¶ 7} In 2008, McKenzie attempted to garnish Mr. Davies' wages through his employment with Montgomery County. According to Mr. Davies, he first became aware of the judgment against him when he received the garnishment notice, which was served at his work address. Shortly thereafter, Mr. and Mrs. Davies retained an attorney and filed motions to stay the garnishment proceedings and to set aside the April 2004 judgment in favor of McKenzie.
 {¶ 8} In their motion to set aside judgment pursuant to Civ. R. 60(B), the Davieses alleged that they had a meritorious defense and were entitled to relief pursuant to Civ. R. 60(B)(5)
 {¶ 9} because "plaintiff never incurred the damages she alleges." They requested a hearing on their motion, which was held on July 30, 2008.
 {¶ 10} At the hearing before an acting judge, the Davieses each testified that they had not received notice of the proceedings against them. Mr. Davies asserted that he had moved out of the Harbison residence in February 2003 and that Mrs. Davies and their child had moved out in October 2003. Mr. Davies testified that the first time he had "any notice that there [was] any case in Miamisburg Municipal Court" against him was in March 2008, when he received a notice that his wages were being garnished.
 {¶ 11} Mr. Davies further testified that Mrs. Davies had received a three-day notice to *Page 4 
vacate in October 2003, and that she had vacated within those three days. Mr. Davies said that he had had a conversation with McKenzie in October 2003 in which she claimed that the Davieses owed her $4,900, and he had disputed that amount. McKenzie had never explained to Mr. Davies how she had arrived at the amount she claimed she was owed. The rent that the Davieses had paid was $600 per month, so a $4,900 delinquency for failure to pay rent would indicate that they had lived rent-free for approximately eight months. Mr. Davies testified that he made five rent payments between the time he left the Harbison residence in February 2003 and the time his wife and child left in October 2003. The parties stipulated that McKenzie's claim was for non-payment of rent only and that she had not claimed any damage to the premises.
 {¶ 12} Mrs. Davies corroborated Mr. Davies' testimony about when the parties had moved out. She testified that she had previously "done property management" and understood the three-day notice to vacate when it arrived in October 2003. She complied with this notice and moved out "within a day and a half." She denied that she had ever been served with a complaint or summons from the court. McKenzie had never told Mrs. Davies that she had filed a case in the municipal court. Mrs. Davies acknowledged that some rent was owed, but she did not know how much and did not believe that the amount could be near $4,900.
 {¶ 13} McKenzie did not present any evidence at the hearing, but her attorney asked the court to take judicial notice of its file, particularly "the notation that there was personal service made by the bailiff, whoever that bailiff was at the time." The court indicated that the bailiff had been Brian Messham, but Messham did not verify his signature or otherwise testify at the hearing. *Page 5 
 {¶ 14} On August 12, 2008, the trial court overruled the motion to vacate. The court's entry was very brief and stated: "Service was perfected on November 12, 2003."
 {¶ 15} The Davieses raise one assignment of error on appeal.
 II {¶ 16} The Davieses' assignment of error states:
 {¶ 17} "THE TRIAL COURT ERRED IN DETERMINING THAT SERVICE OF APPELLEE'S COMPLAINT WAS PERFECTED ON APPELLANTS."
 {¶ 18} The Davieses claim that the trial court should have granted their motion to set aside the judgment against them.
 {¶ 19} To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B), and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The grounds stated in Civ. R. 60(B) are: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, * * *; or (5) any other reason justifying relief from judgment." The Davieses sought relief under Civ. R. 60(B)(5).
 {¶ 20} Where the judgment from which relief is sought is a default judgment, any doubt should be resolved in favor of the movant so that cases can be decided on their merits. Id. at paragraph three of the syllabus; Mount Olive Baptist Church v. Pipkens Paints and HomeImprovement Ctr., Inc. (1979), 64 Ohio App.2d 285, 287. Whether relief should be granted is *Page 6 
within the sound discretion of the trial court. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 21} The Davieses' evidence in support of their motion to set aside the judgment was described in detail above. The only opposing evidence was the service return filed by the bailiff, of which the court had taken judicial notice. As we described, the return stated: "I personally served the Defendant at the last known address. Date: 11-12-03 Time: [blank]."
 {¶ 22} The taking of judicial notice is governed by Evid. R. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid. R. 201(B). Judicial notice permits a court to dispense with proof by evidence where the court is justified in declaring the truth of the matter without requiring evidence. State v. Duncan (May 13, 1986), Montgomery App. No. 9250; First Nat. Bank of Cincinnati v.Fishman (1966), 7 Ohio Misc. 130. A court is entitled to take judicial notice of facts which are, in the last analysis, ultimate and predominate truths, uncontrollable by litigants or by authorities brought forward to refresh the court's memory. Morrow v. Cleveland
(1943), 73 Ohio App. 460, 464.
 {¶ 23} In this case, the court took judicial notice that there was a document in its record pertaining to the service of process, as it was permitted to do. Nat'l Distillers Chem. Corp. v. Limbach (1994),71 Ohio St.3d 214, 216. However, the court appears to have gone further, weighing the evidentiary value of the service return against the testimony of the Davieses in determining whether they had been properly served. This conclusion is inescapable, because there was no other evidence in the record from which the court could have concluded that *Page 7 
service had been proper; the bailiff who served the notice did not testify. In doing so, the trial court took judicial notice of a fact that was "subject to reasonable dispute" and that the Davieses did in fact dispute — whether personal service on either of the Davieses had been properly accomplished. Although the court was permitted to take judicial notice of the presence of the return in the record, it was not permitted to weigh the statements contained therein against the evidence presented at the hearing on the Davieses' motion. Such fact was hearsay in the absence of testimony from the bailiff who signed the return.
 {¶ 24} While it is true that a court may take judicial notice of matters of public record, it may not take judicial notice of disputed facts stated in those public records. See, e.g. Lee v. City of LosAngeles (C.A.9, 2001), 250 F.3d 668, 689-690. A court cannot take judicial notice of a "fact" that is controverted. Walker v. City of NewYork (2007), 46 A.D.3d 278, 847 N.Y.S.2d 173, internal citations omitted except for Weinberg v. Hillbrae Bldrs., Inc. (1977), 58 A.D.2d 546,396 N.Y.S.2d 9, specifically holding that a court could not take judicial notice of process server's affidavit, which was in court file, where issue was raised regarding whether service of summons was properly effected.
 {¶ 25} Furthermore, the return filed by the bailiff was ambiguous in several respects. First, it makes reference to a "last known address," a fact of little consequence if the summons were served personally. Second, the return does not state which of the two defendants was allegedly served. These two factors raise some question as to whether the bailiff did, in fact, accomplish personal service on either or both defendants. Third, we note that the record reflects some disagreement about the identity of the bailiff who served the notice. McKenzie's response to the Davieses' motion to set aside judgment states that the bailiff who filed the return was *Page 8 
Charles Lewis, whereas the acting judge stated that the bailiff had been Brian Messham. The document itself sheds no light on this discrepancy. Finally, the date on the return was several weeks after the three-day notice to vacate was served and after Mrs. Davies claims to have vacated the premises.
 {¶ 26} Because a default judgment was entered against the Davieses, any doubt should have been resolved in their favor so that the case could be decided on its merits. GTE Automatic, 47 Ohio St.2d at paragraph three of the syllabus. The Davieses presented a meritorious basis for their motion to set aside the judgment, and the motion was made within a reasonable time of their becoming aware of the judgment. The trial court erred in overruling the motion based solely on taking judicial notice of his understanding the somewhat equivocal return filed by the bailiff. McKenzie offered no evidence of the truth of the matter asserted in the return, namely, proper service on the Davieses. A trial court errs in disregarding unchallenged testimony that a person did not receive service. Credit Trust Corp. v. Wright, Summit App. No. 20649, 2002-Ohio-461, citing Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66. The Davieses presented uncontroverted, operative facts in their sworn testimony that they were never served with a summons and a copy of the complaint McKenzie had filed in 2003. That evidence rebutted the mere presumption of service that the return of service created. Therefore, the trial court erred when it found that the Davieses were served.
 {¶ 27} The assignment of error is sustained.
 III {¶ 28} The judgment of the trial court will be reversed. This matter will be remanded for the trial court to grant the Davieses' motion to vacate and to conduct further proceedings *Page 9 
consistent with this opinion, including consideration of the effect of Civ. R. 3(A). Turner v. Duncan, Montgomery App. No. 20208,2004-Ohio-6790; Tractor Servs. Supply, Inc. v. Bill NewellExcavating, Fairfield App. No. 06 CA 48, 2007-Ohio-5255, at ¶ 11.
FAIN, J. and GRADY, J., concur.
[1] The court filings use "Dayton" in the address but, because the case was filed in the Miamisburg Municipal Court, we assume that the residence is actually located in Miamisburg. *Page 1