[Cite as *NW Ohio Innocence Clinic v. Lucas Cty. Prosecutor's Office*, 2026-Ohio-1319.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| NORTHWEST OHIO INNOCENCE CLINIC (NWOIC)<br><br>    Requester<br><br>    v.<br><br>LUCAS COUNTY PROSECUTOR'S OFFICE<br><br>    Respondent | Case No. 2025-00973PQ<br><br>Judge Lisa L. Sadler<br><br><u>DECISION AND ENTRY</u> |

{¶1} Respondent has filed written objections to a special master's report and recommendation in this public-records case. Because, as discussed below, requester's complaint in this case is a legal nullity, the special master's report and recommendation, which stems from requester's complaint, as well as respondent's objections to the report and recommendation, are of no moment. Respondent's objections shall therefore be denied, as moot; requester's complaint shall be dismissed without prejudice; and the special master's report and recommendation shall not be adopted by the court.

## I. Background and Relevant Procedural History

{¶2} On November 26, 2025, pursuant to R.C. 2743.75(D), requester Northwest Ohio Innocence Clinic, c/o Kay Anderson, filed a complaint alleging a denial of access to public records in violation of R.C. 149.43(B). After the complaint was filed, the clerk appointed a special master. The special master determined that bypassing mediation was the most expeditious and economical procedure for resolving the case and the special master issued a schedule for the filing of evidence in this case.

{¶3} After the special master reviewed the evidence, the special master issued a report and recommendation (R&R) on February 26, 2026. The special master notes in the report and recommendation that requester seeks records concerning two criminal cases—a 1981 murder case against Danny Brown and a 1981 rape case against

Randolph Lee McCoy.  (R&R, 1.)  The special master concluded that requester is not entitled to relief on its request pertaining to Randolph Lee McCoy.  (R&R, 8-9.)  However, the special master "recommend[s] that [requester] is entitled to relief on its October 6, 2025, public records request for records related to the Brown case."  (R&R, 8.)  The special master also "recommend[s] that the court order [respondent] to answer the [requester's] request for 'investigative reports produced by Tom Ross concerning his follow-up to a DNA match of a key' and 'any reports generated by any federal agencies.'"  (R&R, 8.)  The special master further "recommend[s] that the court order the release of the withheld records designated LCPO 002 through LCPO 016 in the records filed under seal."  (R&R, 8.)  The special master also recommends (1) ordering respondent to reimburse requester's filing fee, and (2) ordering respondent to bear the balance of costs in this case.  (R&R, 10.)

{¶4} On March 9, 2026, respondent, through an assistant prosecuting attorney, filed written objections to the special master's report and recommendation.  According to a certificate of service accompanying respondent's objections, respondent's counsel served a copy of respondent's objections on Ms. Kay Anderson by email—not by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).[1]  In the objections, respondent challenges the following recommendation made by the special master:

> Order[ing] respondent to answer the requester's October 6, 2025, requests for "investigative reports produced by Tom Ross concerning his follow-up to a DNA match of a key" and "any reports generated by any federal agencies."

Respondent maintains in the objections that requester's requests for "investigative reports produced by Tom Ross concerning his follow-up to a DNA match of a key" and "any

---

[1]     Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested."

The procedures established by the General Assembly in R.C. 2743.75(F)(2) apply to litigants represented by counsel and to litigants who are self-represented.  *See Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); *see also State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10 (pro se litigants are required to follow the same procedures as litigants represented by counsel).

reports generated by any federal agencies" have been answered and records referenced are not included in respondent's criminal case files.

{¶5} Requester has not filed a timely written response to respondent's objections, as allowed by R.C. 2743.75(F)(2).[2]  On March 23, 2026, requester, through Ms. Kay Anderson, filed a motion labeled "Motion For Leave To File Interrogatories."  A generous reading of a statement in requester's motion—i.e., "Now comes Requester responding to Respondent's 3/9/2026 Objection to the order by the Special Master"—arguably suggests that requester's motion could be construed as a written response to respondent's objections, but the caption of requester's filing on March 23, 2025, militates against such a conclusion.  *See State v. Schlee*, 2008-Ohio-545, ¶ 12 ("[c]ourts may recast irregular motions  into whatever category necessary to identify and establish the criteria by which the motion should be judged").

{¶6} Respondent's written objections to the special master's report and recommendation are before the court for a final order.  *See* R.C. 2743.75(F)(2) (requiring this court, within seven business days after a response to the objection is filed, to issue a final order that adopts, modifies, or rejects the report and recommendation).  Respondent's motion for leave to file interrogatories also is before the court.

## II. Law and Analysis

{¶7} The General Assembly, as the legislative branch of Ohio government, is the ultimate arbiter of policy considerations relevant to Ohio public-records laws.  *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44.  Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes.  *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11.  *See* R.C. 2743.75(A).  According to R.C. 2743.75(F)(1), a special master is required to submit to this court a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint.  *See* R.C. 2743.751(F)(1) ("[n]ot later than seven business days after receiving the response, or

---

[2]      Pursuant to R.C. 2743.75(F)(2), if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested."  A review of the docket shows that, on March 12, 2026, requester received a copy of respondent's objections that the court forwarded to requester. (Docket entry dated March 13, 2026.)

motion to dismiss the complaint, if applicable, of the public office or person responsible for public records, the special master shall submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint").

{¶8} A review of the complaint in this case, which is the pleading that initiated this civil action, discloses that Ms. Kay Anderson is listed as the contact person for requester, that Ms. Kay Anderson signed the complaint, but Ms. Kay Anderson did not identify herself as an attorney in the complaint, despite subscribing her name to the complaint. *See Ohio Patrolman's Benevolent Assn. v. City of Cleveland*, 2024-Ohio-2651, ¶ 26 (observing that a complaint "is the pleading that initiates a civil action under the rules. Civ.R. 3(A); *see also Black's* [*Law Dictionary*] (defining 'complaint' as '[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the . . . claim, and the demand for relief'").

{¶9} The court takes judicial notice that the attorney directory on the Supreme Court of Ohio's website does not list anyone named Kay Anderson as a licensed attorney in Ohio.[3] https://www.supremecourt.ohio.gov/AttorneySearch/#/search (accessed March 9, 2026). *See* Evid.R. 201(B) (a judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources

---

[3] Judicial notice has been defined as a "court's acceptance for the purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact." *Black's Law Dictionary* (12th Ed. 2024). *See In re M.L.-P.*, 2024-Ohio-5346, ¶ 20 (2nd Dist.) (noting that judicial notice permits a court to dispense with proof by evidence where the court is justified in declaring the truth of the matter without requiring evidence). *See* Evid.R. 201(A) (establishing that Evid.R. 201 governs judicial notice of adjudicative facts, i.e., the facts of a case).

In *In re M.L.-P.*, 2024-Ohio-5346, ¶ 20 (2nd Dist.), the Second District Court of Appeals discussed the concept of judicial notice and noted that

"[j]udicial notice permits a court to dispense with proof by evidence where the court is justified in declaring the truth of the matter without requiring evidence." (Citations omitted.) *McKenzie v. Davies*, 2009-Ohio-1960, ¶ 22 (2d Dist.). "The taking of judicial notice is governed by Evid.R. 201." *Id.* Pursuant to Evid.R. 201(B): "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *State v. Fox*, 2023-Ohio-1912, ¶ 25 (2d Dist.), citing Evid.R. 201(B). A court may take judicial notice at any stage of the proceeding whether it is requested or not. Evid.R. 201(C) and (F).

whose accuracy cannot reasonably be questioned"), (C) (a court "may take judicial notice, whether requested or not"), and (F) (judicial notice "may be taken at any stage of the proceeding"). The court also takes judicial notice that Northwest Ohio Innocence Clinic's website lists Kay Anderson as "Investigator/Executive Director" and it does not identify Ms. Anderson as an attorney. https://nwoic.org/team/lorem-ipsum-is-simply-dummy-text-6/ (accessed March 9, 2026); *see* Evid.R. 201(A)-(C), and (F).

{¶10} A review of the report and recommendation discloses no mention that Ms. Kay Anderson, the person who signed the complaint on behalf of requester, is not an attorney licensed in Ohio.[4] And a review of the docket in this case reveals no entry reflecting that Ms. Kay Anderson is an out-of-state attorney who has been granted permission to appear pro hac vice in this case.

{¶11} Pursuant to R.C. 4705.01, which was in effect at the time of the filing of the complaint in this case, no person "shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules." *See* R.C. 4705.01 (eff. August 17, 2006). The Supreme Court of Ohio has stated that

> only a licensed attorney may file pleadings on behalf of another party in court. *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, 832 N.E.2d 1200, ¶ 7. A complaint filed by a nonattorney in violation of R.C. 4705.01 should be dismissed without prejudice….

*State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 2019-Ohio-901, ¶ 5.[5] *See Cannabis for Cures, L.L.C. v. State Bd. of Pharmacy*, 2018-Ohio-3193, ¶ 10 (2d Dist.) (filing by a non-attorney is viewed as a legal nullity).

---

[4] The report and recommendation's failure to mention that a non-attorney filed a complaint on behalf of an entity is unfortunate, but understandable, insofar as no party apparently raised the issue before the special master. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[i]n our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present").

[5] In *State ex rel. Army of the Twelve Monkeys* at ¶ 6, the Supreme Court of Ohio explained:

{¶12} Based on the court's independent review—and notwithstanding the special master's report and recommendation and respondent's written objections to the report and recommendation—the court determines that Ms. Anderson's initiation of a lawsuit on behalf of Northwest Ohio Innocence Clinic in this case, and Ms. Anderson's subscribing of her name on the complaint in this case, have resulted in a complaint that is a legal nullity, *see Cannabis for Cures, L.L.C.*, *supra*, at ¶ 10, which, in turn, requires (1) dismissal of the complaint without prejudice, *see State ex rel. Army of the Twelve Monkeys*, *supra*, at ¶ 5; *accord Abacuspi Insurance & Corporate Investigations v. Ashtabula County Sheriff's Dept.*, Ct. of Cl. No. 2023-00156PQ (Apr. 4, 2024), (2) rejection of the report and recommendation, because its recommendations in favor of requester, which stem from a complaint that is a legal nullity, are contrary to the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint, and (3) denial of respondent's objections as moot. *See Tassone v. Tassone*, 2021-Ohio-4063, ¶ 19 (10th Dist.). ("[m]oot issues involve no actual genuine live controversy, the decision of which can definitely affect existing legal relations"). Because respondent's objections to the report and recommendation are moot, the court need not address the merits of respondent's objections. *See Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus ("[i]t is not the duty of the court to answer moot questions"); *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970) ("[i]t has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies").

{¶13} Regarding requester's motion for leave to file interrogatories, requester's motion is not well taken for several reasons. First, since Ms. Kay Anderson is not a licensed attorney in Ohio and Ms. Anderson is not an out-of-state attorney who has been

---

With rare exceptions … a corporation is not permitted to maintain litigation and appear in court represented by nonattorney corporate officers or agents. *Union Sav. Ass'n v. Home Owners Aid, Inc.*, 23 Ohio St. 2d 60, 64, 262 N.E.2d 558 (1970). And one's status as a statutory agent does not confer the right to file pleadings in a court of law on behalf of a corporation. *Disciplinary Counsel v. Shrode*, 95 Ohio St.3d 137, 2002-Ohio-1759, 766 N.E.2d 597, ¶ 9. This rule logically applies to an unincorporated nonprofit association, which "is a legal entity distinct from its members and managers," R.C. 1745.08(A), possessing the legal capacity "to sue and be sued in its own name," R.C. 1745.11, and the legal right to acquire, hold, and transfer real and personal property, *see* R.C. 1745.09, and maintains the legal responsibility for its own debts, *see* R.C. 1745.10.

permitted to appear pro hac vice in this case, Ms. Anderson may not file a motion on behalf of requester that seeks leave to file interrogatories. *See* R.C. 4705.01; *see also State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 2019-Ohio-901, ¶ 5; *Cannabis for Cures, L.L.C. v. State Bd. of Pharmacy*, 2018-Ohio-3193, ¶ 10 (2d Dist.).

{¶14} Second, discovery, which includes the use of interrogatories, *see* Civ.R. 33, is generally not permitted in the statutory proceeding established in R.C. 2743.75.[6] *See* R.C. 2743.75(E)(3)(a) (prohibiting the special master from permitting any discovery before submitting a report and recommendation); *White v. Ross Corr. Inst.*, 2026-Ohio-1002, ¶ 19 (10th Dist.)., citing R.C. 2743.75(E)(3)(a) ("[t]he special master shall not permit any discovery"). The filing of motions after the issuance of a report and recommendation also is generally not permitted under R.C. 2743.75's statutory proceeding. *See* R.C. 2743.75(E)(2) ("[n]o further motions or pleadings shall be accepted by the clerk of the court of claims or by the special master assigned by the clerk under [R.C. 2743.75(D)(2)] unless the special master directs in writing that a further motion or pleading be filed").

{¶15} Third, if the court were to grant requester's request for leave to file interrogatories, and if the court were to customarily permit the filing of motions after a report and recommendation has been issued, then the court would be unable to comply with the deadline established by the General Assembly for the filing of a final order in the statutory proceeding established in R.C. 2743.75. *See generally Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44 (General Assembly is the ultimate arbiter of policy considerations relevant to Ohio public-records law). *Compare* R.C. 2743.75(F)(2) (requiring the court, within seven business days after a response to an objection is filed, to issue a final order that adopts, modifies, or rejects the report and recommendation) with Civ.R. 6(C)(1) (providing that responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion and providing that a

---

[6]     *See Viola v. Ohio Atty General's Office*, 2021-Ohio-3828, ¶ 15 (10th Dist.) ("the Ohio legislature in 2016 enacted R.C. 2743.75 as 'an alternative' to an action in mandamus that provides an "'expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)."'[*Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11-12]; R.C. 2743.75(A)"); *Black's Law Dictionary* (12th Ed. 2024) (defining special proceeding as a "proceeding involving statutory or civil remedies or rules rather than the rules or remedies ordinarily available under rules of procedure; a proceeding providing extraordinary relief").

movant's reply to a response to any written motion may be served within seven days after service of the response to the motion); L.C.C.R. 4(C).

### III.    Disposition

{¶16} In accordance with R.C. 2743.75(F)(2), the court REJECTS the special master's report and recommendation issued on February 26, 2026, and DENIES, as moot, respondent's written objections filed on March 9, 2026.  The court DENIES requester's motion for leave to file interrogatories filed on March 23, 2026.[7]  Because requester's complaint is a legal nullity, requester's complaint filed on November 26, 2025, is DISMISSED without prejudice.  Court costs are assessed against requester.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed March 26, 2026**
**Sent to S.C. Reporter 4/13/26**

---

[7]     The court finds that denying requester's motion for leave to file interrogatories without waiting for a written response to requester's motion will not result in material prejudice to respondent.